Lausman v. Drahos.

FRANCIS LAUSMAN, APPELLANT, v. WENZEL DRAHOS, F. SONNENSCHEIN, AND MARY PARRATT, EXECUTRIX OF THE ESTATE OF WILLIAM PARRATT, DECEASED, APPELLEES.

1. **Mortgage.** If a mortgagor sell portions of the mortgaged premises in different parcels at different times by warranty deed, that which he retains is in equity primarily liable, as against all but the mortgagee, for the whole debt. (Jones on Mortg., sec. 1091–2.)

2. ———. Before a prior mortgagee can be required to shape his action in the collection of his debt, in reference to the subsequent order of alienation he must have actual notice of what that order is, and not merely the constructive notice derived from the registry of the deeds made by the mortgagor subsequent to the mortgage. (41 Ills. Rep., 110.)

3. ———. A subsequent purchaser desiring the prior mortgagee to act with reference to the subsequent order of alienation should give him notice of the facts in proper time, and request him to sell accordingly. If he is not a party to the proceedings for foreclosure, and is given no opportunity there to present his equities, he may file a bill against the mortgagee and the other subsequent purchasers (if any), staying the sale until the respective equities can be adjusted. But he cannot remain passive until the sale has been made and confirmed, and then assert his rights against the mortgagee in view of facts of which the latter had no knowledge.

THIS was an action brought by plaintiff to remove the cloud from her title to lot six in block nineteen in West Point, Cuming county. The petition states in substance that on the seventeenth day of March, 1874, John D. Neligh, at that time the owner of said lot six, sold and conveyed the same by warranty deed to one Mary Wisner; that said plaintiff holds title thereto under said conveyance to said Mary Wisner and through one Anton Merik, her late husband, since deceased; that during his life-time said Anton Merik made valuable and permanent improvements on said lot six, and erected a dwelling house thereon at an

outlay and expenditure of over $800; that prior to the aforesaid conveyance of said lot to said Mary Wisner, the said Neligh mortgaged the same, together with several other tracts of lands, to one Wm. Parratt, to secure a note of $2,030, which said mortgage was also foreclosed on the fifth day of November, 1873, being prior to the aforesaid conveyance to said Mary Wisner; that the said Wm. Parratt having died, the said decree of foreclosure was, on the fifth day of November, 1874, revived in the name of Mary Parratt, executrix, etc., one of the defendants herein; that Mr. Neligh and wife had not alienated, bargained to sell, or conveyed any of the aforesaid mortgaged premises prior to the conveyance of said lot six to Mary Wisner, nor had any of said mortgaged premises been otherwise encumbered by any paramount mortgage, judgment, or other legal or equitable lien prior to or at the time of the aforesaid conveyance to said Mary Wisner; that the plaintiff, since the death of her late husband, married Anton Lausman; that on the first day of October, 1877, said plaintiff leased said lot to the defendant Sonnenschein, who entered into and continued to hold possession thereof until after the fifth day of December, 1877; that the said defendants, Drahos and Sonnenschein, with notice and full knowledge of the plaintiff's title and interest to said lot, intending to defraud the said plaintiff, became the purchasers on the twelfth day of December, 1877, under an order of sale under aforesaid decree of foreclosure, of a pretended interest of the said John D. Neligh thereto, and said sale was, on the fifth day of December, 1877, duly confirmed, and a sheriff's deed executed therefor to said Drahos and Sonnenschein; that the said plaintiff was absent from the state of Nebraska from June, 1876, to January 15, 1878, and she was not notified, and had no knowledge that application would be made for the

confirmation of said sheriff's sale, nor was she advised of said confirmation until a long time afterwards; that all of the aforesaid conveyances, and the will of Anton Merik, were duly recorded and indexed as required by law; that the value of said lot at the time of said sale was, and now is, $1,200; while the value of all the other lands and tenements included in said mortgage, exclusive of all tax lines and incumbrances, was at the time of the said sale, and now is, worth $9,000, being four times more than the amount claimed to be due on said mortgage debt at the time of said sale to the defendants, Drahos and Sonnenschein; that the amount of the judgment under said decree of foreclosure was $2,293.96, with no particular rate of interest mentioned therein; that on the tenth day of March, 1875, an order of sale was issued under said decree, on which $250 was paid, which in consideration of said payment was recalled before the day of sale had arrived; that on the twenty-eighth day of December, 1875, another order of sale was issued, but the same was again recalled by the plaintiff thereto before the day of sale had arrived, at the request of Mr. Neligh, for a supposed consideration unknown to the plaintiff herein; but taking the commission charged by the sheriff in his return of said order of sale as a basis— said commission being $45—it would seem that $2,400 was then paid thereon, nearly as much as was at the time claimed to be due thereon; that on May 3, 1876, Mr. Neligh paid on said judgment the sum of $1,000, which, with the $250 paid on the first aforesaid order of sale, and the $2,400 supposed to have been received on the aforesaid second order of sale, was more than sufficient to discharge the entire mortgage debt; that afterwards, on June 13, 1877, another order of sale for $2,000 was issued, with interest at 12 per cent, and under which said lot was sold to Drahos and

Sonnenschein as aforesaid; that included in said mortgage with said lot six was property that brought in an annual income of $900—a sum sufficient to pay all taxes, insurance, necessary repairs, and leave a balance which *alone* would have been sufficient for the discharge of said judgment before this time; but the plaintiff to said judgment neglected to use due diligence in the enforcement of the collection thereof, or to apply for the appointment of a receiver to take possession of said mortgaged premises, for the purpose of preserving the security therein and of applying the income to the discharge of said mortgage debt; and that by reason of the said several neglects, the said premises have become encumbered with tax liens, and have become less valuable as a security for said mortgage debt.

The defendants demurred to the petition; the demurrer was sustained, and a judgment entered dismissing the case.    Plaintiff appeals.

*Uriah Bruner* and *F. M. Franse*, for appellant, cited *Teaf v. Ross*, 1 Ohio State, 469.    Rorer on Judicial Sales, 923.    *Harrison v. Andrews*, 18 Kan., 535. *United States v. Duncan*, 4 McLean, 607.    *Casler v. Shipman*, 35 N. Y., 533.    1 Jones on Mortgages, 647. *Uhl v. May*, 5 Neb., 161.    *Aldrich v. Cooper*, 2 Lead. Cases in Equity, 305.    2 Story's Equity, 1552.

*R. F. Stevenson*, for appellees.

Cobb, J.

The petition shows that the mortgage executed by Neligh to William Parratt was made, the debt which it was given to secure had matured, suit for the purpose of foreclosing the same had been commenced and prosecuted to judgment, and a decree of foreclosure and

final judgment rendered in the case, before the making of the deed by Neligh to Mrs. Wisner, under whom the plaintiff claims title to a part of the mortgaged premises. This being the case she must be treated as a volunteer so far as her interest in the sale and confirmation is concerned, and not entitled to notice of any of such proceedings. It is a well-settled principle that when several parcels of real estate have been mortgaged in one conveyance and the mortgagor afterwards conveys different parcels of such property to as many parties and retains some of such parcels undisposed of, the mortgagee or owner of the mortgage will be compelled to first sell those parcels which the mortgagor has not conveyed, and if the same prove insufficient, then those parcels which have been conveyed in the inverse order of their alienation by the mortgagor.

But in order to do this the ordinary and proper means must be used. It is but seldom that persons buy property incumbered by a mortgage which has been foreclosed, and when they do they should understand that they assume the risk of the property being sold without notice to them, and if there is any circumstance connected with the property, such as that claimed by the appellant, that it is they who have duties to perform in respect to the sale, and that it will not do to lie still until the law has taken its course and the rights of other parties in the premises have become fixed.

Notwithstanding the late day on which the appellant acquired title to the lot in question, had she notified the appellee, Mary Parratt, of her title, and requested that that portion of the mortgaged premises not alienated by Neligh be first sold, she would have been entitled to such request, and had it been refused the law would have enforced it. But it is not alleged that either William Parratt, in his lifetime, or his administratrix had actual notice of the conveyance by Neligh

to Mrs. Wisner.    The recording of the deed was not notice to them.    See *Matteson v. Thomas et al.*, 41 Ill., 110, and cases there cited.    See also *Inglehart v. Crane, et al.*, 42 Ill., 361.    Neither was the occupation of said lot 6, in block 19, by Fred Sonnenschein as tenant of the appellant any notice of her rights to either of the Parratts, as they had a right to suppose that Sonnenschein was a tenant of Neligh.

If we are correct in the above views then it will be unnecessary to inquire into the allegations of said petition as to the amount which was paid by Neligh by way of bonus for delaying the sale, etc.    In the absence of notice of the rights of appellant the appellee, Parratt, had the right to postpone said sale from time to time at the request of Neligh, and is chargeable with no laches therefor.    And it being nowhere stated in the petition that the whole of said mortgage debt had been paid at the time of the sheriff's sale, it follows that the appellee, Parratt, having no notice of the rights of appellant, had the right to sell such parcel of the mortgaged premises as might prove to be the most salable.

The charge of fraud and collusion against Sonnenschein and Drahos is not set out with sufficient comprehensiveness to constitute a cause of action against them.

It follows from these views that the judgment of the district court in sustaining the demurrer to the petition must be affirmed.

JUDGMENT AFFIRMED.