FRANCIS LAUSMAN, APPELLANT, v. WENZEL DRAHOS, FREDERICK SONNENSCHEIN AND MARY PARROTT, ADMINISTRATRIX OF WILLIAM PARROTT, DECEASED, APPELLEES.

Construction of Will. Devise under item 1 of will, copy of which is set out at length in the opinion, *Held*, to be absolute and unconditional. And *held* further that even were such devise con-

ditional upon the payment by the devisee of other bequests, under the will, no one but the legatees not paid could take advantage of such non-payment.

APPEAL by plaintiff from Cuming county. Heard below, before BARNES, J., and petition dismissed. The case is stated in the opinion.

*Uriah Bruner,* for appellant.

1. The decision in 10 Neb., 172, is conclusive so far as the allegations against Sonnenschein are concerned.

2. As to averments against Drahos and Sonnenschein charging fraud, etc., see *Kuch v. Sandford*, 1 Leading Cases, 48. Story's Equity, 307 to 312. *Taglor v. Taylor,* 8 How., 200. The collusion of Drahos and Sonnenschein under the said scheme to defraud the plaintiff out of said premises, makes the act of either, in furtherance of said fraud, the act of the other. Aside from said fraud, and from said position of trust assumed by Drahos, the purchase by him with the knowledge he had of a common interest with Sonnenschein, the tenant, makes said Drahos a trustee with Sonnenschein for said plaintiff, in such purchase. A purchase is complete with the accepted bid, and a change of a name to the bid is identical of a sale and transfer from such purchase to the party to whom such bid is transferred. Under whatever view Drahos' position is viewed under this purchase, he will be held to have bought said premises as the trustee for said plaintiff. Mrs. Lausman's property having been sold under said decree of foreclosure, while there was a large amount of property included in said decree of greater value than the amount of said mortgage debt, which remained unincumbered and had not been in any way alienated by Mr. Neligh, until after sale and conveyance of said premises to Mrs. Wisner, under whom said plaintiff holds, and the amount realized therefor applied on said mortgage debt, it follows that said plaintiff will be

allowed to be subrogated to be paid out of the property remaining unsold for the amount for which her said premises was sold, with interest at ten per cent. from the day of such sale. But if the court should deny the plaintiff's right to redeem said premises from said sale, then she will be entitled to such substitution for the full value of said premises ($1,200). *Gill v. Lyon,* 1 Johnson, Ch., 447. *Clows v. Dickinson,* 5 Johnson, Ch., 295; 9 Cowen, 403.

*R. F. Stevenson* and *M. McLaughlin,* for appellees.

Plaintiff's brief does not refer to matter submitted to court by our demurrer, but goes off into "strange pastures" and discusses issues not involved in the case. We claim that plaintiff's title depends upon her compliance with terms of will in the matter of bequests. They were conditions precedent. *Nevius v. Gourley,* 97 Ill., 365.

COBB, J.

This is the third time that this case has been before this court. See 8 Neb., 457, and 10 Id., 172. But in order to a proper understanding of the point now presented to the court, it should be stated, in addition to the facts recited in the two opinions above referred to, that the plaintiff claims the premises which are the subject matter of the suit, under and by virtue of the will of her deceased husband. The following is a copy of that part of the petition in which she sets out her title.

"5. That prior to his death said Anton Merick made his last will and testament, to-wit: on the 29th day of May, 1875, and thereby devised unto his said wife, the said plaintiff, the said lot 6, in block 19, in West Point, in lieu of her dower, which said will was duly probated and allowed in the manner provided by law, on the 13th day of July, 1875, and was recorded in the records of Cuming county, state of Nebraska, and the said allowance and

approval was duly endorsed thereon by the judge of said probate court, a copy of said last will and testament and the endorsements thereon and the proceedings had by said court in the probation and allowance thereof is hereunto attached, marked exhibit C, and made a part of this petition.  That on the said 13th day of July, 1875, said plaintiff was duly appointed executrix under said last will and testament," etc.

"6.   That afterwards, to-wit: on the 17th day of July, 1875, the said will and testament with the said endorsements was duly recorded in the county clerk's office of said county of Cuming," etc.

"7.   That said plaintiff has elected to take under said will and testament in lieu of her dower, and did take under the same and thereby became the lawful owner in fee of said premises  *  *  *  in all respects, as fully as the said Anton Merick was, and is the owner and continues to be the owner thereof and entitled to the peaceable possession thereof.   That said plaintiff has fulfilled all and singular the conditions of the said will on her part to be performed,"  *  *  *  etc.

The petition further alleges in substance, that the defendant, Mary Parrott, administratrix etc., was the holder of a certain mortgage upon a large amount of property, including the said devised real estate, executed by one John D. Neligh, while he was the owner of all of said real estate; that said Neligh had afterwards alienated the said devised real estate to the grantor of the said Anton Merick, but had not alienated any other portion of the real estate covered by the said mortgage; that said mortgage had been foreclosed; that the said plaintiff had notified the defendant, Mary Parrott, of her rights in the premises and demanded that that part of said real estate not alienated by the said John D. Neligh, should be first sold; that such unalienated portion of said mortgaged property was sufficient to pay said mortgage, but that

said devised property had been offered for sale and sold on said decree of foreclosure without offering any of the other and unalienated portion of said mortgaged property.

The petition further charges in substance, against the said defendants Sonnenschein and Drahos, that Sonnenschein was her tenant in possession of the said real estate under her by lease, at the time of said sale, and while so in possession under her bought in the said property in the name of himself and Drahos at the mortgage sale thereof; that such sale and purchase were made while the plaintiff was absent from the state, and while she relied, and had a right to rely, upon the defendant Drahos as her confidential adviser and friend, for the protection of her rights in the said property, etc. That the said Drahos and Sonnenschein, after having agreed to allow her to redeem said property by paying them the amount by them paid therefor, had refused to allow her so to do, and she charges them with fraud and conspiracy to wrong her out of the said property.

All of the defendants join in a demurrer to the petition on the ground that the same does not state facts sufficient to constitute a cause of action against the defendants. The demurrer was sustained by the district court and final judgment rendered thereon. The plaintiff brings the cause to this court by appeal.

The appellees present but one point to sustain the said judgment and their position that the said petition does not state facts sufficient to constitute a cause of action, to-wit: that the devise of said lot to the plaintiff was a conditional one and that the petition does not state a sufficient compliance with such conditions.

The following is a copy of the substance of the will under which the plaintiff claims, as set out in said petition:

Item 1. I give and devise to my beloved wife, in lieu of dower, after paying all my just debts, and she pay-

Lausman v. Drahos.

ing the items to the other parties mentioned in items 2d, 3d, 4th, 5th and 6th, the house and lot on which we now reside, being lot six, in block nineteen, in the city of West Point. Also, all my personal property, rights, credits, moneys of whatever kind, to have and to hold the same forever.

Item 2. I devise and bequeath to my mother, Therese Merick and her heirs, the sum of fifty dollars, the same to be paid to her within one year after my death, without interest, by my wife.

Item 3. I give and bequeath to my brother, John Merick, the sum of forty dollars, to be paid to him by my wife, within five years after my death, without interest.

Item 4. I give and bequeath to my brother, Frank Merick, the sum of forty dollars, to be paid to him within five years after my decease, by my wife, without interest.

Item 5. I give and bequeath to my brother, Joseph Merick, the sum of forty dollars, to be paid to him by my wife, within five years after my decease, without interest.

Item 6. I give and bequeath to my sister, Therese, the sum of forty dollars, to be paid to her by my wife, within five years after my decease, without interest.

Item 7. I do hereby nominate and appoint my beloved wife executrix of this my last will and testament, hereby authorizing her to compromise, adjust, release and discharge, in such manner as she may deem proper, the debts and claims due me. I do hereby authorize her, if it becomes necessary in order to pay my debts, to sell by private sale or in such manner, upon such conditions or terms of credit, or otherwise, as she may think proper, all or any part of the real estate herein mentioned, and deeds to purchasers, to execute, acknowledge and deliver in fee simple. * * * Nothing herein contained shall be construed so as to abridge the right of my beloved wife to sell any and all the property belonging to me at

my death, as of her own, nor shall anything herein be so construed as to modify in the least the bequests mentioned in item first, etc.

As we understand this will, the bequest to appellant is not conditional upon the payment by her of all or either of the bequests made to the other beneficiaries under the will. Item seven provides, that nothing in said will contained shall be construed so as to abridge the right of appellant to sell any and all property belonging to the testator at his death, as of her own. This provision was clearly intended to enable the appellant to raise the means by the sale of the property left by the testator, by which to pay off the bequests made to his mother, brothers and sister, as well as to pay his debts. How could she do this, unless she took a marketable title thereto under the will? Again, that there should be no room to doubt the intention of the testator the said item further provides, "nor shall any thing herein—(in said will)—be so construed as to modify in the least the bequests mentioned in item first." Item first is the one in which the property in question is bequeathed to the appellant, and it is scarcely possible that any construction can either add to, or take from the plain and obvious meaning of the testator in the use of the language employed that the appellant should have the property in question at all events.

But even were we mistaken in our construction of the will, and it should be so construed as to make the right of the appellant to the property in question conditional upon her payment of the other bequests, no one but the legatees, certainly no stranger to the will and estate of the testator, can take advantage of the non-payment thereof. What difference can it make to either of the appellees whether the legatees are ever paid or not; and how can their non-payment operate to discharge the appellees from any of the equitable duties which for any reason they may owe to the appellant?

Upon sufficient proof by the appellant of the facts set out in her petition, she will, as far as the court is now able to see, be entitled to the relief demanded as against each of the appellees; certainly to some adequate relief.

The judgment of the district court is therefore reversed, the action reinstated and remanded to the district court for further proceedings in accordance with law.

REVERSED AND REMANDED.