## HOPKINS vs. PEDRICK.

1. A distress warrant, issued in December, based on a landlord's special lien on the crop raised on the rented land during the year, took precedence of an attachment against the tenant, levied in September and put in judgment in October. The landlord's lien attached to the crop on its maturity, and until then the attachment could not be legally levied.

2. Where a tenant had left the state, there was jurisdiction in the county where the farm was located, on which was grown the crop upon which the levy of the landlord's distress warrant was to be made.

3. The tenant having left the state, no demand could be made.

4. No error requiring a reversal is made to appear in this case; and the burden of showing error rests on him who alleges it.

October 20, 1885.

Landlord and Tenant. Liens. Crops. Before Judge HANSELL. Brooks Superior Court. May Adjourned Term, 1885.

Hopkins ruled the bailiff in the county court of Brooks county. There were two claimants of the fund in the bailiff's hands. Hopkins claimed it under a judgment in attachment against L. T. Pedrick. The attachment was levied on certain cotton and corn on September 2, 1884, which the bailiff gathered on the farm operated by the defendant. Judgment was rendered October 6 thereafter. John F. Pedrick claimed the fund under a distress warrant. The affidavit and warrant were as follows:

"GEORGIA—Brooks County.

Personally came J. F. Pedrick, who on oath says: L. T. Pedrick, of said (county), his tenant, is indebted to him in the sum of one hundred and thirty-eight 75-100 dollars, the value of fifteen hundred pounds of lint cotton, value $9\frac{1}{4}$ cents per pound, for rent of farm for the year 1884; said farm situated in said county, $6\frac{1}{2}$ miles north of Quitman, between the farms of D. D. Sinclair and J. B. Underwood; that affiant demands payment for said rent from said Pedrick before the same was due, for the reason that said L. T. Pedrick was seeking to move his property from said farm, and did move the same, as aforesaid; payment of said rent was refused and is still unpaid; that affiant could not make a demand for the payment of the rent aforesaid since the same became due, for the reason that said L. T. Pedrick fled this state, and has been continuously a citizen of Florida. Affiant makes this affidavit within twelve months of the time the said rent, to-wit, $138.75, became due; that a distress warrant for the purpose of enforcing his special lien for rent may issue against the said L. T. Pedrick, to be levied upon the crops made during the said year 1884 upon the lands rented, as aforesaid.

J. F. PEDRICK.

Sworn to before me this December 29, 1884.

W. B. BENNETT, J. C. C., B. C."

" GEORGIA—Brooks County.

To the sheriff, his deputy, constable or county court bailiff of said county:

J. F. Pedrick having made oath before me that L. T. Pedrick is indebted to him in the sum of $138.75 for the rent for the year 1884 of the farm of the said J. F. Pedrick, situated in said county, $6\frac{1}{2}$ miles north of Quitman, and between the farms of D. D. Sinclair and J.

B. Underwood.   These are, therefore, to command you that you levy on and sell, as provided (by) law, a sufficiency of the crops of said L. T. Pedrick, raised and grown during the year 1884 upon the lands rented, as aforesaid, to make the sum of $138.75 and costs (of) this proceeding, and have you the said sums," etc.

It appeared that the money in court arose from the sale of the crops raised on the farm in 1884.   The county judge held that the distress warrant was the superior lien, and awarded the fund to it.   Hopkins carried the case to the superior court by *certiorari*.

It was insisted that the plaintiff in the distress warrant was not entitled to the fund on the following grounds:

(1.)  Because the distress warrant fails to show that L. T. Pedrick was a citizen of said county of Brooks at the time it was issued.

(2.)  Because it fails to show that the property was in the county of Brooks, as all the crops of the said L. T. Pedrick had been sold in October or November, as appeared by the answer of the bailiff.

(3.)  Because it fails to show when the rent was due.

(4.)  Because it fails to show that L. T. Pedrick was removing his goods from the premises.

(5.)  Because it fails to allege that the crop had matured at the time the said distress warrant was sued out.

(6.)  Because it fails to allege that any demand had been made after said crop had matured; said distress warrant was seeking a landlord's special lien for rent.

(7.)  Because it fails to allege that no demand could be made after the crop had matured.

(8.)  Because there had been other distress warrants sued out between the same parties for the same rent, which were not properly disposed of, when this distress warrant was sued out.

[It appeared that another warrant had been taken out, but had been destroyed and an entry of "dismissed" made on the docket by plaintiff's counsel before the present warrant was issued.]

(9.)  Because there was no order of the court making

John F. Pedrick a party to said rule. (The county judge stated in his answer that this point was not made before him.)

The *certiorari* was overruled, and the decision of the county judge affirmed. Hopkins excepted.

W. C. McCALL, for plaintiff in error.

J. G. McCALL, by HARRISON & PEEPLES, for defendant.

JACKSON, Chief Justice.

1. The controlling question made here on this *certiorari* is, whether a landlord's distress warrant for rent, issued in December, 1884, was legally held to have priority of lien over a judgment in attachment rendered the October preceding, the attachment having been levied the 28th of September, 1884. The Code settles the point, and gives the landlord's lien preference. That lien was special on the crop of the year, and was fixed at the maturity thereof. Until matured, the crop could not have been legally levied on by execution or by attachment. So that the moment the attachment was levied, the crop must have been matured, or the levy was illegally made, either of which horns of the dilemma is fatal to the plaintiff in error. See Code, §1977, sub-section 6 of section 1978.

2. The court had jurisdiction of the case when the crop was distrained. The farm which raised it was in Brooks county, and the tenant had left the state. Code, §1991, sub-section 3.

3. No demand could be made for the same reason. Code, §1991, sub-section 1.

4. And we are unable to detect any serious trouble in the other objections of the plaintiff in error. No error requiring a reversal of the judgment is made to appear to us, and he who alleges error carries the burden to prove it.

Judgment affirmed.