i 77  547
104  692

THE GEORGIA CHEMICAL WORKS *vs.* CARTLEDGE.

The *bona fide* purchaser of property, against which a mortgage lien existed, who purchased or obtained control of such mortgage to protect his title to the property, had the right to foreclose it and have it levied on other property of the debtor; and when the property so levied on was sold by the sheriff, and the proceeds of the sale were brought into court and claimed by a younger judgment creditor, a court of equity, or of law on equitable proceedings, would not, at the instance of the junior creditor, compel the holder

of the older lien to satisfy it out of the property purchased by him; nor would it compel the holder of such lien to transfer it to the junior creditor for the same purpose.

November 23, 1886.

Liens. Mortgages. Judgments. Equity. Before Judge BOYNTON. Lincoln Superior Court. April Term, 1886.

Reported in the decision.

THOMAS E. WATSON, for plaintiff in error.

TUTT & LOCKHART, by HARRISON & PEEPLES, for defendant.

HALL, Justice.

This was a contest between the creditors of Warren Smalley over a fund arising from the sale of his property under a common law *fi. fa.* in favor of the Georgia Chemical Works. The other contestant was James E. Cartledge, who claimed under the foreclosure of a mortgage on the personal property, from the sale of a portion of which the fund in controversy arose. The mortgage assigned to Cartledge was older than the judgment from which the execution of the other contestant, the Georgia Chemical Works, issued. The mortgage covered land and other personal property besides that sold; Cartledge bought and had it assigned to him to protect his title to a mule he had purchased, which was subject to it. The other contestants insisted there were two funds to which he had access, while the remainder of the mortgaged property was inaccessible to them, and claimed they had the right to compel him to go upon the land, which it seems had been sold. Cartledge had made no attempt to subject it to his mortgage, and had not even foreclosed it upon the land, which it seems had been disposed of prior to the lien of the judgment of the other contestants, who in open court tendered to Cartledge the

full amount of principal, interest, cost and attorney's fees due upon his mortgage and demanded its transfer and delivery to them. This tender was rejected, and the judge, who heard the cause upon an agreement of facts, awarded the fund to the mortgage *fi. fa.* It is very evident that the purpose of the holder of the common law judgment, in seeking to compel Cartledge to go upon the remainder of the mortgaged property, and in endeavoring to procure an assignment of the mortgage, was to subject the mule that Cartledge had purchased to the mortgage *fi. fa.;* at least, the offer of payment of the principal, interest, etc. due thereon did not propose to release this mule from the lien of that mortgage. It is manifest that the effect of the arrangement proposed by the Georgia Chemical Works would have been to substitute this common law judgment lien for the other lien, and thereby secure for it the priority of that lien. This, however, the court would not permit, and we think his judgment was equitable and proper. In *Carter vs. Neal*, 24 *Ga.* 347, 354, this court held, in a case where the doctrine of two funds was applicable as between contending creditors, that one of these creditors should not be subrogated to the right of the other, unless the former had satisfied the latter his demand so as to relieve him from trouble, expense and risk. In *Green, Tracy & Co. vs. Brown & Dimick*, incorrectly reported as against *Ingram et al.*, 16 *Ga.* 164, 165, the precise question raised here was determined, and it was held that the *bona fide* purchaser of property against which judgment liens existed, who purchased or got control of these judgments, whether before or after his purchase of the property, has the right to levy them on other property of the defendant in *fi. fa.*, and when the same was sold by the sheriff and the amount of the sale was brought into court and claimed by younger judgment creditors, a court of equity would not, at their instance, compel the holders of the older lien to satisfy the same out of the property purchased by them.

The same principle is recognized and applied in *Knowles vs. Lawton*, 18 *Ga.* 476. See also code, §§1949, 3147, 3161, and citations.

Judgment affirmed.