ANDREW J. HANSCOM, APPELLEE, V. MAX MEYER ET AL., APPELLANTS, ET AL.

FILED FEBRUARY 23, 1899.  No. 8716.

1. **Appeal:** EXCLUSION OF EVIDENCE. The decision of a trial court in a cause in which there was a trial to the court without a jury cannot, in an appeal to this court, be assailed because based on the evidence from which there had been an improper exclusion of a portion from consideration, where it does not appear of record that any portion of the evidence was so excluded.

2. **Review.** The findings of a trial court based upon conflicting evidence, if not clearly wrong, will not be reversed.

3. **Mortgages:** FORECLOSURE: SALE: INVERSE ORDER. A tract of land was mortgaged as an entirety, then platted and made an addition to a city, and a number of lots at different times and to different persons sold and conveyed, after which the mortgage was foreclosed. *Held,* That under the conditions and circumstances disclosed in evidence the decree of the court that the land be sold as an entire tract, and a denial of the prayer of the mortgagors that it be sold in lots as platted, and in the inverse order of alienation or conveyance by them, was not erroneous or inequitable.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*James H. McIntosh,* for appellants.

References as to inverse-order rule: *Ireland v. Woolman,* 15 Mich. 253; *Lausman v. Drahos,* 8 Neb. 457; *Iglehart v. Crane,* 42 Ill. 261; *Lock v. Fulford,* 52 Ill. 166; *State v. Titus,* 17 Wis. 248; *Aikin v. Milwaukee & S. P. R. Co.,* 37 Wis. 469; *Ex parte Merriam,* 4 Den. [N. Y.] 254; *Andreas v. Hubbard,* 50 Conn. 357.

*Charles S. Elgutter*, also for appellants.

References as to error in excluding evidence: *Riggles v. Erney*, 154 U. S. 254; *Harman v. Harman*, 70 Fed. Rep. 894; *Ferguson v. Rafferty*, 128 Pa. 337; *German-American Ins. Co. v. Hart*, 43 Neb. 441; *Woodworth v. Thompson*, 44 Neb. 311; *Barber v. Hildebrand*, 42 Neb. 400; *Holmes v. First Nat. Bank*, 38 Neb. 326; *True v. Bullard*, 45 Neb. 409.

*L. F. Crofoot* and *Charles Ogden*, also for appellants.

*George E. Pritchett*, contra.

References: *Barber v. Harris*, 15 Wend. [N. Y.] 616; *Macloon v. Smith*, 49 Wis. 212; *Sherman v. Willett*, 42 N. Y. 150; *Lamerson v. Marvin*, 8 Barb. [N. Y.] 9; *Griswold v. Fowler*, 24 Barb. [N. Y.] 135; *Bernhardt v. Lymburner*, 85 N. Y. 173; *Woolcocks v. Hart*, 1 Paige Ch. [N. Y.] 186; *Evertson v. Booth*, 19 Johns. [N. Y.] 486; *Griswold v. Fowler*, 24 Barb. [N. Y.] 135.

HARRISON, C. J.

On May 15, 1886, the appellants herein purchased of, and there was conveyed to them by, Andrew J. Hanscom, the appellee, eighty acres of land near the city of Omaha, probably about three and one-half miles distant from the then center of the city. A more particular description of the land is as follows: The southeast quarter of the northeast quarter of section 31, and the southwest quarter of the northwest quarter of section 32, in township 15 north, of range 13 east of the sixth principal meridian. The agreed consideration to be paid for the property was $40,000, of which there was a payment at the time of $2,500. The balance was divided into ten portions, to be paid at stated times, and to evidence the promises of these deferred payments promissory notes were executed, and as security a mortgage on the land purchased was executed and delivered to appellee, in which appeared the statement that it was given to secure the payment of a

part of the purchase price of the property described in it. As soon as in the regular course of such matters it could be done, the land was platted as and for an addition to the city of Omaha and named "Manhattan Addition," and sales of lots therein were made to quite a number of persons, to whom warranty deeds or contracts, as the transactions required, were executed and delivered evidencing the purchases. Some of the deferred payments of the purchase price of the land secured by the mortgage were paid, but there were defaults in the further provided payments, and this, an action to foreclose the mortgage, was instituted. The appellants, in the pleadings filed, admitted the execution of the notes and mortgage; stated the purchase of the land; that the appellee then knew the purpose of appellants with which they purchased, viz., to plat it and make of it an addition to the city of Omaha; that he advised them in regard to the manners of procedure, and suggested the name which was given the addition; also, that there was an oral agreement at the time, and which in part moved them to the purchase, that when they effected sales of lots and paid to appellee certain sums, designated portions of the amounts realized from sales of lots, he would release from the lien of his mortgage such lots. The appellants asked that if a foreclosure of the mortgage was decreed, the sale, if any, under it should not be of the land as described in the mortgage in one tract, but that the plat of the addition be accorded recognition; also, the sales by appellants of lots in said addition, and the sale to satisfy the mortgage, be of the divisions of the land as established by the plat and in the inverse order of the alienation by the mortgagors. On hearing, the trial court denied the prayer of the appellants, and sale of the land was ordered accordant with its description in the mortgage.

There are some arguments presented for appellants to establish that appellees' acts in regard to the addition amounted in law to a dedication, or joining in the dedi-

cation, of portions of the plat and estopped him from
enforcing his mortgage by sale of the land in any other
manner than in parcels or lots shown by the plat; and
further, that the findings and decree of the district court
were not sustained by the evidence. The force of these
arguments is destroyed by the findings of the district
court that the plat was made without the consent, knowl-
edge, or agreement of appellee; and further, that he never
made any agreement to release any portion of the land,
and further fact that though the evidence relative to the
points of litigation to which we have just referred was,
in the main, directly conflicting, the findings had support
in it and were not clearly wrong; all of which being true,
the findings must be allowed to stand.

It is said by way of argument that the court did not
consider some of the evidence, and for this reason reached
the conclusion it did. This cannot be considered, because
the record does not disclose it; and we must be governed
by what appears in that document.

The main contention for appellants is of the denial
of a direction in the decree that the sale be made of the
land as platted and according to the inverse order of
alienation or conveyances of lots by the mortgagors. The
rule of liability or sale in the inverse order of alienation
of mortgaged premises, where there have been subse-
quent conveyances of portions of property mortgaged in
gross, has been very generally recognized and estab-
lished. (See 2 Pingrey, Mortgages sec. 1922, and cases
cited in note. See, also, 2 Jones, Mortgages sec. 1621,
and collection of cases in note 2.) It has been approved
and announced by this court. (*Lausman v. Drahos*, 8 Neb.
457.) The doctrine is generally invoked and enforced by
and for the subsequent purchasers of parts of mortgaged
property or subsequent incumbrancers of portions
thereof. In this action its aid is asked in favor of the
mortgagors. Whether they may call for its interposition
and there be a compliance with the demand as a matter of
right, as we view the conditions as disclosed herein, we

need not determine.  It has been determined that where land has been mortgaged as one tract and subsequently platted or cut up into lots, and some of the lots sold, the mortgagor may not, in event of a foreclosure, insist as a matter of right that the sale be of the lots and not of the whole tract.  (Wiltsie, Mortgage Foreclosure sec. 492; *Griswold v. Fowler*, 24 Barb. [N. Y.] 135; *Hubbell v. Sibley*, 5 Lans. [N. Y.] 51; *Paquin v. Braley*, 10 Minn. 304; *Durm v. Fish*, 46 Mich. 312.)  There was nothing in this case to appeal to a court of equity to vary, at the instance of the mortgagors, the regular course of a foreclosure of the mortgage on the entire tract and order the sale by the lots as described in the plat.  From the evidence it cannot be said that the land was of the value equal to the amount due on the mortgage debt.  It may be argued, as it is in the briefs, that it probably might sell for more as city lots than it would as an individual tract, but with equal force, so far as the evidence shows it, the contrary may be asserted.  In view of all the evidence we cannot say that the trial court was not fully warranted in decreeing that the sale be of the whole tract.  We certainly cannot say that the decree was wrong in this particular. The decree of the district court must be

AFFIRMED.