GEORGE E. BRADFIELD, APPELLEE, V. THOMAS SEWALL
ET AL., IMPLEADED WITH KATE B. CHENEY ET AL.,
APPELLANTS.

FILED JUNE 8, 1899.   NO. 8920.

1. Mortgage-Foreclosure Sale: RIGHTS OF LIEN-HOLDER: POSTPONE-
MENT OF HEARING. The action of the court, of postponement of
further litigation of an asserted lien, *held* not improper or erro-
neous.

2. Pleading and Proof. Facts pleaded and not denied need no proof.

3. Mortgage-Foreclosure Sale: INVERSE ORDER OF ALIENATION. The
doctrine of sale of mortgaged premises under decree of foreclos-
ure in the inverse order of alienation approved and enforced.

APPEAL from the district court of Lancaster county.
Heard below before HOLMES, J. *Affirmed.*

*A. G. Greenlee,* for appellants.

*S. L. Geisthardt* and *Sawyer & Snell, contra.*

HARRISON, C. J.

This action was commenced for appellee in the district
court of Lancaster county to foreclose a mortgage on the
west half of the southwest quarter of section 31, town-
ship 10 north, of range 7 east of the 6th P. M., executed
and delivered to him by Thomas Sewall and wife May 5,
1888. In an answer for the Mays, of defendants, it was
asserted that Tillie May purchased five acres of the mort-
gaged land, the title to which was on February 3, 1890,
conveyed to her by warranty deed. It was in a cross-

petition filed for the American National Bank and Charles G. Dawes, as trustee for the bank, pleaded that five acres of the mortgaged property was on January 2, 1891, sold and by warranty deed the title conveyed to Frank W. Little, who on April 14, 1894, had executed and delivered to Charles G. Dawes, trustee for said bank, a mortgage on the portion of the land in controversy, the title to which, it was pleaded, had been transferred to the mortgagor. In an answer for Annie McNally it was set forth that she purchased five acres of the land in suit and the title to said part was transferred to her by warranty deed of date August 3, 1891. There was an answer for Kate B. Cheney in which it was stated that she became the owner of, and acquired the title to, the remainder, or sixty-five acres, of the land, of date October 15, 1894; that the conveyance to her was by warranty deed. It appeared and was of the findings of the court that Kate B. Cheney, by the terms of the conveyance to her, assumed and agreed to pay the plaintiff's mortgage debt. In a pleading for the Union Savings Bank there was asserted an action in its behalf on May 7, 1895, against Thomas Sewall and Florence A. Sewall for the recovery of an indebtedness, the issuance of attachment therein, and the levy of the writ on the land involved in the case at bar. It was further stated that for the Union Savings Bank there was, October 29, 1895, a judgment obtained against Thomas Sewall and Florence A. Sewall. A decree was rendered in the case at bar by which there was adjudged a foreclosure of the plaintiff's mortgage lien, the several pleaded conveyances were recognized, a sale was ordered in accordance with the rule of the inverse order of alienation, and the further litigation of the rights of the Union Savings Bank was postponed. It was also of the decree that the lien, if any, of the Union Savings Bank was subsequent and inferior to the liens established in this action.

In the appeal it is urged that the trial court should not have continued the matter of adjustment of the claim of

the savings bank, and could not properly do so. The future inquiry and ascertainment of and concerning the claim of lien for the bank could not affect the matters determined and settled by the decree; hence the action of the court, of which this complaint is made, was not improper. (*Brown v. Johnson*, 58 Neb. 222.)

It is argued that the conveyance to Frank W. Little was not shown. It was pleaded and not denied. The court's finding in this regard was in accord with the effect of the pleadings.

The only further contention is directly against the recognition in the decree of the doctrine of "inverse order of alienation." The rule has been very generally established and employed. (2 Pingrey, Mortgages sec. 1922; 2 Jones, Mortgages sec. 1621 and note 2; 9 Ency. Pl. & Pr. 411, 412, where the reasons for the rule as stated in *Iglehart v. Crane*, 42 Ill. 261, are quoted and the authorities collected in note 1, page 412.) The doctrine was stated with approval in *Lausman v. Drahos*, 8 Neb. 461, and was referred to, although, because inapplicable, not enforced, in *Hanscom v. Meyer*, 57 Neb. 786, and has been treated as a settled question in this state by the federal court. (See *Philadelphia Mortgage & Trust Co. v. Needham*, 71 Fed. Rep. 597.) We think the rule supported by sound reasons, and approve it. The decree must be

AFFIRMED.