## 56. MULHERIN v. PORTER et al.

1. Although a distress warrant can not be levied upon property which has already been seized under judicial process, such distress warrant may be placed in the hands of the levying officer, and, upon a rule to distribute the fund, may assert its lien.

2. The general rule obtaining in the marshaling of assets and securities, that if one creditor by virtue of a lien or other interest can resort to two funds and another creditor to only one of them, the former must seek satisfaction out of that fund which the latter can not touch, is subject to the limitation that such marshaling must not be applied to the detriment of a third person with an equity equal to or greater than that of the creditor seeking to invoke the rule. Beneficiaries of a homestead have such an equity and interest in the homestead estate as to be within the protection of this limitation.

Money rule, from city court of Richmond county—Judge Eve. February 14, 1906.

Submitted February 4,—Decided February 6, 1907.

*F. W. Capers*, for plaintiff.

*William H. Barrett, Joseph Ganahl*, for defendants.

Powell, J. The plaintiff in error, Mulherin, brought a rule to distribute the fund arising from the sale of certain corn which had been levied upon and sold as the property of one Frank Harris, under a common-law fi. fa. which Mulherin had obtained against him. In response to the rule, Porter and Eve intervened, and made it appear that the corn in question was subject to a lien in their favor for rent, which was superior to Mulherin's judgment, and that distress warrants had been sworn out for this rent and had been placed in the sheriff's hands for the purpose of claiming the proceeds. In addition to these facts it was conceded upon the hearing that the defendant Harris had applied for and obtained a homestead which did not include the property in question, also that he had other crops, which, though included in the homestead, were subject to the liens of Porter and Eve, but which could not be levied on by Mulherin's fi. fa., on account of being exempt under the homestead. It was agreed upon the trial that these additional crops were sufficient to pay the rents. The trial court awarded the funds to Porter and Eve, and Mulherin excepted, alleging that the judgment was erroneous, "(1) Because the distress warrants were without lien on the fund in the hands of the sheriff, for the reason that they were proceeding to assert the special lien of the

landlord upon the crop of the year, and this lien had not been perfected by levy. (2) Because in addition to the corn levied upon by the sheriff, proceeds from the sale of which are in his hands, there was other produce grown on said premises for the same year, on which these distress warrants may be levied, sufficient to pay off said distress warrants, 'out of which the plaintiffs in distress warrants may realize their claim, and from levying upon which plaintiff in fi. fa. is debarred by the defendant's homestead; and it is an equitable principle that if two plaintiffs have liens on the same person, and one plaintiff may attach two funds and the other but one, the plaintiff having the right to proceed against the two funds will be turned upon that fund out of which the other plaintiff has no right to recovery."

1. The corn, having been seized by the officer under the common-law execution, was in judicial custody, and therefore was not subject to levy by virtue of the distress warrant. *Fulghum* v. *Williams,* 114 *Ga.* 643, and cases cited. Ordinarily the levy of a distress warrant is the apt and effectual means of asserting the landlord's lien for rent; but in cases such as this, where a levy is not allowable, the lien may nevertheless follow the fund. "Where money is in the hands of an officer, he may pay it over to the plaintiff by whose process it was raised, unless other claimants deposit their lien with him. Notice to retain, unaccompanied by a lien, is insufficient. Money raised by legal process not being subject to levy and sale, the court in making distribution proceeds upon equitable principles. All parties intervening shall, by appropriate pleading, set forth the ground of their claim to the fund. All persons interested, who are notified in writing by the sheriff or movant of the pendency of the rule, will be bound by the judgment of distribution." Civil Code, §4776; *Hopkins* v. *Pedrick,* 75 *Ga.* 706; *National Bank* v. *Exchange Bank,* 110 *Ga.* 693 (2).

2. Upon a rule to distribute money the equitable doctrine of the marshaling of assets and securities is applicable. This rule, established upon ancient authority, in courts of equity, has express recognition in several sections of our code, notably §§2691, 4002, and 4012. "The general rule is, that if one creditor, by virtue of a lien or interest, can resort to two funds, and another to one of them only, the former must seek satisfaction out of

that fund which the latter can not touch." Pom. Eq. Jur. §1414. But this relief will not be given if it will prejudice the rights of third persons. *Ga. Chem. Works* v. *Cartledge,* 77 *Ga.* 547; *Green* v. *Ingram,* 16 *Ga.* 164; *Behn* v. *Young,* 21 *Ga.* 207 (3); *Craigmiles* v. *Gamble,* 85 *Ga.* 439. "The doctrine of marshaling will not be applied so as to work an injustice to the debtor. Consequently, it is generally held that it can not be invoked to compel a creditor to resort to a homestead in the first instance. The object of the exemption is to protect the debtor and his family. If a creditor without a lien were allowed to compel its application upon a prior claim, the right might be practically valueless." Pom. Eq. Jur. §869. The equity of the beneficiaries of a homestead is, under our constitution and laws, superior to that of a creditor by ordinary judgment, where the right of homestead has not been waived, or the homestead estate is not otherwise subject to the debt upon which such judgment is founded.

*Judgment affirmed.*