THE ASSOCIATION TO PROVIDE AND MAINTAIN A HOME FOR THE FRIENDLESS, respondent,

*v.*

TRADERS' INVESTMENT COMPANY, appellant.

[Argued June 30th, 1910. Decided November 14th, 1910.]

The release by a prior mortgagee of part of his security, although it operate to the disadvantage of a subsequent lienor, will not impair the lien of the mortgage to the amount of the value of the security released, unless such prior mortgagee had, at the time of releasing, knowledge, actual or constructive, of the existence of the subsequent lien.

On appeal from an order of the court of chancery advised by Vice-Chancellor Howell.

*Mr. Samuel F. Leber,* for the appellant.

*Mr. Frank Benjamin,* for the respondent.

The opinion of the court was delivered by

VOORHEES, J.

This is an appeal from a decree of the chancellor, dismissing a petition praying that the final decree in a foreclosure suit instituted by "The Association to Provide and Maintain a Home for the Friendless" be opened or the amount due to the complainant therein be re-examined, and for further relief.

The foreclosure bill was filed July 8th, 1909, to enforce a mortgage given by one Ankin in October, 1906. It set out a second mortgage for $1,000, also given by Ankin and the assignment thereof to the petitioner; the subsequent foreclosure of the petitioner's mortgage and the acquisition thereunder by the petitioner of title to the mortgaged premises by sheriff's deed on June 12th, 1909.

The petition also shows that the complainant held as collateral to its mortgage a policy of insurance; that before the filing of the bill, there had been damage by fire to the building upon the mortgaged premises; that the insurance company had settled the loss for $525, by a check payable jointly to the complainant and the owner; that the complainant had endorsed the check and delivered it to the owner who appropriated the money and failed to repair the building; and that the complainant had not given credit upon its mortgage for the payment thus made.

The petitioner had failed to answer the bill, and in consequence thereof a decree *pro confesso* had been taken. Its failure to answer is sought to be accounted for as the neglect of its solicitor, induced by a verbal agreement on the part of the complainant's solicitor, unkept, to allow further time for the purpose of answering.

The petitioner contends that the amount of insurance thus collected and paid over to the owner should go in reduction of the amount due upon the complainant's mortgage. This, undoubtedly, would be so if the complainant, at the time of paying the money over to the owner, had knowledge, either actual or constructive, of the existence of the second mortgage held by the petitioner. The recording of the mortgage is not constructive notice. There is no proof that the petitioner had actual knowledge. The release by a prior mortgagee of part of his security, although it operate to the disadvantage of a subsequent lienor, will not impair the lien of the mortgage to the amount of the value of the security released, unless such prior mortgagee had, at the time of releasing, knowledge, actual or constructive, of the existence of the subsequent lien. See *Davis* v. *Cressman, 57 N. J. Eq. (12 Dick.) 619.*

To open a decree, thus regularly entered, was a matter of grace, and the relief was rightly denied in the absence of proof of such knowledge on the part of the complainant, which was necessary to make the application of the petitioner meritorious.

The decree should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON—13.

*For reversal*—None.