## 3377.   MOORE v. COFIELD.

A. held a mortgage on two mules, and B. held a junior mortgage on one of them. The mortgagor, by the consent of A., and without the knowledge or consent of B., sold the one not covered by B.'s mortgage, and applied the proceeds to the payment of an open account which A. held against him. B. foreclosed his mortgage, and, under the execution, seized and sold the mule covered thereby. The amount realized from the mortgagor's sale of the mule covered by A.'s mortgage would have been sufficient to have paid the balance due on A.'s mortgage, as well as the mortgage fi. fa. held by B. *Held*, that, in the distribution of the fund in the hands of the court, equitable principles should control, and, under the facts, there was no error in the judgment awarding the money to B.'s mortgage fi. fa.

DECIDED DECEMBER 19, 1911.

Money rule—appeal; from Walton superior court—Judge Brand. February 28, 1911.

*W. O. Dean,* for plaintiff in error.

*A. C. Stone,* contra.

HILL, C. J.   The question in this case arose on the distribution of a fund in the hands of the sheriff, arising from the sale of mortgaged property under execution. Cofield held a mortgage on one mule. Moore held a prior mortgage on this mule and on another mule. Cofield foreclosed his mortgage, and had the mule levied upon and sold, and the fund realized from this sale was claimed by Moore, under his senior mortgage. The undisputed evidence before the court, on the hearing of the rule, showed that Moore agreed that the mortgagor should sell the mule not covered by Cofield's mortgage, and apply the proceeds arising from the sale of this mule to a debt or account against him, held by the firm of which Moore was a partner; and the money arising from the sale of the mule was accordingly applied to the payment of this debt. Cofield did not know of this arrangement between Moore and the mortgagor. If the money realized from the sale of the mule on which Moore held a mortgage had been applied on this mortgage, it would have reduced this senior mortgage to only $15 or $20, and the money arising from the sale of the mule under the mortgage foreclosure by the sheriff would have been sufficient to pay off this balance and also the mortgage fi. fa. held by Cofield. Cofield contended that under these facts he was in justice and equity entitled to have the money realized from the sale of this mule, to pay off his mortgage fi. fa. The judge, without the in-

tervention of a jury, tried the question of law involved, and rendered a finding in favor of Cofield.

We think the decision of the judge was within the well-settled principle, codified in section 3220 of the Civil Code (1910), that, "as among themselves, creditors must so prosecute their own rights as not unnecessarily to jeopard the rights of others; hence a creditor having a lien on two funds of the debtor, equally accessible to him, will be compelled to pursue the one on which other creditors have no lien." See, also, section 4609; *Mulherin* v. *Porter*, 1 *Ga. App.* 153 (58 S. E. 60).            *Judgment affirmed.*