12238.  ASH *v.* .FITZGERALD COTTON OIL CO. *et al.*

Under the rule that a creditor with a lien on two equally accessible funds must pursue the one on which other creditors have no lien (Civil Code of 1910, § 3220), the court did not err in awarding to the holder of the junior mortgage the fund in question in this case.

DECIDED MAY 11, 1921.

Money rule; from Ben Hill superior court — Judge Gower. February 1, 1921.

*Hal Lawson, A. J. McDonald,* for plaintiff in error.

*Eldridge Cutts, D. B. Nicholson, J. C. McDonald,* contra.

BROYLES, C. J. The Spell Live Stock Company held a mortgage on two mules, and the Fitzgerald Cotton Oil Company held a junior mortgage on one of them. The Spell Company transferred its mortgage to the Perry Live Stock Company, and subsequently the mortgagor sold the mule covered by both mortgages to T. C. Ash. The Perry Live Stock Company was about to foreclose its mortgage on this mule, and in order to protect his title thereto Ash paid off this mortgage to the Perry Live Stock Company, and he was never repaid by the mortgagor. Ash, however, did not proceed against the other mule covered by the mortgage of the live-stock companies, to whose rights he claimed to be subrogated by reason of having paid their mortgage for the purpose of protecting his title to the mule in question. Subsequently the Fitzgerald Cotton Oil Company foreclosed its mortgage, and the mortgaged mule, which was in the possession of Ash, was seized and sold. A rule against the sheriff, for distribution of the fund in his hands, was granted upon the petition of the oil company, and Ash intervened and claimed the fund. The case was tried by the judge without the intervention of a jury, and he rendered a finding and judgment in favor of the oil company.

Under the well-settled equitable principle, codified in section 3220 of the Civil Code of 1910, that, " as among themselves, credi-

tors must so prosecute their own rights as not unnecessarily to jeopard the rights of others; hence a creditor having a lien on two funds of the debtor, equally accessible to him, will be compelled to pursue the one on which other creditors have no lien," the court did not err in awarding the funds in its hands to the Fitzgerald Cotton Oil Company. See, in this connection, *Moore* v. *Cofield,* 10 *Ga. App.* 197 (73 S. E. 45).

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*