## NICHOLSON v. THURMOND et al.

BELL, J. 1. Until a prior incumbrancer has notice of the existence of a junior claim, he is not liable to the junior claimant or lienholder, under the principle of marshaling, for any bona fide disposition of the security, even though the junior incumbrancer is injured thereby.

2. Accordingly, where the holder of a deed, conveying three separate tracts of land to secure a debt, releases or reconveys one of the tracts to the debtor without actual knowledge that the debtor has conveyed the other two tracts to another person by a junior security deed, the creditor holding the senior security deed will not be postponed to the rights of the junior creditor as to the tracts conveyed to both as security, even though the tract released to the common debtor would have been sufficient to satisfy the senior debt.

3. The record of a junior security deed does not amount to actual notice to the holder of a senior deed, so as to authorize a marshaling of security upon the ground that the holder of the senior deed released the part of the security not common to both deeds; and there being no other evidence of such notice or knowledge in the instant case, the court properly directed the verdict in favor of the senior holder, denying the marshaling of security as sought by the junior holder.

4. The foregoing rulings on the question of notice are not intended to state all of the conditions which may be necessary to a marshaling of security. In this connection see Civil Code (1910), § 3220; DeVaughn v. Harris, 103 Ga. 102 (29 S. E. 613); First National Bank v. Roder, 114 Fed. 451 (2); Annan v. Hays, 85 Md. 505 (37 Atl. 20); Association v. Traders Investment Co., 77 N. J. Eq. 580 (78 Atl. 158); Burnham v. Citizens Bank, 55 Kan. 545 (40 Pac. 912); Lausman v. Drahas, 8 Neb. 457 (1 N. W. 445); 38 C. J. 1365, 1376-1378, §§ 8, 14, 15, 16.

5. No question as to the necessity of notice to the senior incumbrancer was directly passed upon in Moore v. Cofield, 10 Ga. App. 197 (73 S. E. 45), and Ash v. Fitzgerald Cotton-Oil Co., 27 Ga. App. 35 (107 S. E. 342); but if these decisions should be understood as ruling anything contrary to what is held in the present case, they are to that extent disapproved.

*Judgment affirmed. All the Justices concur.*

No. 9728. FEBRUARY 16, 1934.

*Joe Quillian,* for plaintiff.

*W. H. Quarterman* and *J. C. Pratt,* for defendants.