## THOMPSON *v.* HARRIS.

No. 10685. DECEMBER 11, 1935.

*Homer Beeland,* for plaintiff. *B. F. Neal,* for defendant.

HUTCHESON, Justice. C. R. Harris was the holder of a security deed to certain land of Mrs. W. R. Long, and under the power contained in the deed sold the land and became the purchaser at the sale. A. A. Thompson was the holder of a mortgage on certain mules belonging to the same debtor, who was insolvent; and Thompson accepted the property in satisfaction of the mortgage debt. At the time of the latter transaction the holder of the security deed had become the transferee of tax executions issued against Mrs. Long, and constituting a prior lien upon both the land and the personalty. The transferee caused one of these executions to be levied on the personal property; whereupon the mortgage creditor filed a suit in equity to enjoin the sale under the tax execution, and to obtain an equitable apportionment of the taxes as between the real estate and the personal property, according to the respective

valuations at which the different properties were assessed for taxation. At the hearing of the application for an interlocutory injunction, the evidence, though conflicting, authorized a finding, that, while the mortgage debt had been reduced by credits to about $30, the property delivered to the mortgagee as final payment was actually worth approximately $200, and that the difference between these amounts exceeded the total amount of the taxes. The judge refused an injunction, and on writ of error that judgment was affirmed. *Thompson* v. *Harris,* 177 *Ga.* 53 (169 S. E. 349). This court held: "In equity the mortgage creditor as against the transferee of the tax execution was not entitled to have a satisfaction of the mortgage debt with property the value of which exceeded the indebtedness, and should not be granted an apportionment where the surplus value received by him was sufficient to pay the taxes. As among themselves, creditors must so prosecute their own rights as not unnecessarily to jeopardize the rights of others. Civil Code (1910), § 3220; *Moore* v. *Cofield,* 10 *Ga. App.* 197 (73 S. E. 45)."

On the trial of the case the judge submitted to the jury two questions, viz.: (1) "How much money was due on the note payable to A. A. Thompson and signed by Mrs. W. R. Long at the time or immediately before she delivered the two mules on the $220 note?" The jury answered "that $305.60 was due on said note." (2) "Did the iron grey mule described in the evidence in this case belong to W. R. Long, or did it belong to his wife?" Answer: "Mrs. W. R. Long." The court rendered a decree against Thompson for $200 as being the uncontroverted value of the iron grey mule, and for cost of the suit. Thompson filed a motion for new trial, which was overruled, and Thompson excepted. The answer to the first question quoted above was favorable to Thompson, and no question is raised thereto. As to the second question, there was evidence sufficient to authorize the jury to find that the mule in question was the property of Mrs. W. R. Long, and therefore subject to the tax execution.

The motion for new trial assigns error on two excerpts from the charge of the court, as follows: "Now, there is an issue between the plaintiff here and the defendant as to what indebtedness was due on that $220 note and is now due on that $220 note. One of the questions that you will have before you to settle will be, after allowing credit on that $220 note of the $200 which was the con-

sideration of the two mules turned over to Mr. Thompson by Mrs. Long, and there is no dispute about that, the question to be determined will be how much money was due on the note payable to A. A. Thompson, and signed by Mrs. W. R. Long. Right under that question is space for your answer as to the amount you find due on that note, after deducting the $200 consideration for the mules." This excerpt is criticised on the ground that it caused confusion in the minds of the jury as to the issue submitted; that it submitted an issue not in the case. Further error is assigned on the following charge: "The first question is, what amount is due on the $220 note after allowing credit on it for the purchase of the mules, and is a question of fact for you to settle under the evidence as you may find it to be, bearing in mind that the plaintiff carries the burden of showing to you by a preponderance of the testimony what amount is due." The complaint is that this charge in effect instructed the jury that the $220 note should be credited with the purchase-price of the mules, $200, when the issue the jury should pass upon was what amount was due on the $220 note prior to the turning over of the mules; and that the charge thus submitted an issue not authorized by the pleadings or by the evidence. The further charge complained of is: "The first question to be answered is, how much money is due on the note payable to A. A. Thompson, signed by Mrs. W. R. Long, at the time the two mules were turned over to A. A. Thompson? How much money was due on the note payable to A. A. Thompson, signed by Mrs. W. R. Long, at the time immediately before the delivery by Mrs. Long of the two mules on the $220 note?" The complaint is that this latter charge, coming after the charge immediately preceding and quoted above, confused the minds of the jury as to what they were to decide.

It will be observed that the charge last quoted presented to the jury the very issue that it is alleged the previous charge omitted. The record discloses that the jury in answer to the questions found that there was due on this note $305.60, when the defendant contended that only $30 was due on it; so this finding was favorable to the plaintiff in error; and if any confusion in the minds of the jury was caused by the charge of the court, the confusion was resolved in favor of the defendant, and he does not assign error on this finding of the jury. The charge as given, in the light of the

two questions submitted by the court to the jury, was plain and clear; and the excerpts, in the light of the entire charge, are not subject to the criticism. The legal rights of the parties were fixed by the decision when it was before this court on exception on the refusal to grant an injunction. *Thompson* v. *Harris,* supra. On the trial the evidence authorized the finding of the jury, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

GILBERT, Justice, concurs in the judgment, because the law of the case was fixed when the case was previously here.