JOHN J. CRAFTON, sheriff, *et al.*, plaintiffs in error, *vs.* ROBERT TOOMBS, defendant in error.

Where land held by the defendant in *fi. fa.* under bond for titles, no part of the purchase money thereof having been paid, was levied on and sold, the oldest judgment against the defendant will take precedence, in the distribution of the fund realized therefrom, over junior judgments, in favor of the vendors, for installments of the purchase money.

Levy and Sale. Judgments. Sheriffs. Bond for Title. Before Judge POTTLE. Wilkes Superior Court. November Term, 1876.

Reported in the decision.

W. M. & M. P. REESE; F. H. COLLEY; W. M. SIMS, for plaintiffs in error.

R. TOOMBS, for defendant.

WARNER, Chief Justice.

This case was a rule against the sheriff by movant, Robert Toombs, to which Wynn, Simms & Co., and Green Bros., were made parties.

In response to the rule *nisi*, the sheriff answered substantially as follows:

That on the 7th day of August, 1876, as sheriff, he levied a *fi. fa.* in favor of Simms & Truitt *vs.* W. A. Ficklen, on a certain tract of land in Wilkes county, reciting in the levy

that the *fi. fa.* was levied on the entire title to said land, which was held by W. A. Ficklen, aforesaid, under a bond for title from Wynn, Simms & Co., and Green Bros., who held said Ficklen's deed thereto, subject only to application of Mrs. Julia T. Ficklen for homestead in said land, and that written notice of said levy had been given to all parties in interest.

Respondent further says that he advertised said land for sale under said levy, stating that the whole title to said land was to be sold, subject only to the said homestead application, and that he gave written notice in due time to said Wynn, Simms & Co. and Green Bros.; that on the first Tuesday in September, 1876, he sold the said land in accordance with said levy and advertisement, for $505.00.

The sheriff further answered that he had this sum of money in his hands, and was ready to pay over the same, but that he had several *fi. fas.* in his hands claiming said fund.

1st. He has the *fi. fa.* of Simms, Truitt & Co., under which said sale was made.

2d. The *fi. fa.* of the movant, R. Toombs, of older date than any *fi. fa.* against W. A. Ficklen.

3d. The deed of Wynn, Simms & Co. and Green Bros., from W. A. Ficklen, to said land, of older date than any *fi. fa.* against said Ficklen, duly executed and recorded, and two *fi. fas.* for installments due under said deed, and for which judgment had been obtained in the superior court of Wilkes county. Under these circumstances, he desired the direction of the court.

The deed referred to in the sheriff's answer was then placed in evidence, the same having been duly executed by the defendant in *fi. fa.*, W. A. Ficklen, to Wynn, Simms & Co. and Green Bros., and the two *fi. fas.* belonging to the same parties which it was admitted were under the said deed, and the other *fi. fas.* herein mentioned.

No traverse was filed to the answer of the sheriff by the movant, but the said movant moved to make the rule absolute against the sheriff, which was allowed by the court,

and the rule was ordered to be made absolute on the foregoing facts and answer, the court holding that under a proceeding of this kind the claims of Wynn, Simms & Co. and Green Bros., could not be considered by the sheriff. To which ruling and decision the sheriff, Wynn, Simms & Co. and Green Bros., excepted.

The question made by the record in this case is, whether, assuming all the facts to be true as set forth in the sheriff's answer to the rule taken against him for the money in his hands, arising from the sale of the property of the defendant in execution, the same were sufficient, under the law, to protect him from the payment of the money to the oldest *fi. fa.* in his hands against the defendant? The property was levied on by the sheriff by virtue of a *fi. fa.* in favor of Simms & Truitt against Ficklen, the defendant therein, and was sold as his property for the sum of $505.00. The *fi. fa.* of Toombs against the defendant, Ficklen, was placed in the sheriff's hands and claimed the money arising from the sale of the defendant's property, on the ground that it was of older date than any other *fi. fa.* in the sheriff's hands against him, and, therefore, had a prior lien on the money arising from the sale of the defendant's property. The land was levied on by the sheriff as the property of the defendant, and sold by him as the property of the defendant, and the money in his hands was the proceeds of the sale of the defendant's property. The sheriff was bound in the discharge of his duty, after payment of all legal costs, to have appropriated the money arising from the sale of the defendant's property to the oldest *fi. fa.* against the defendant in his hands. The *fi. fa.* of Simms & Truitt, under which the land was sold, was not entitled to claim the money because it was of younger date than Toombs' *fi. fa.* The *fi. fas.* of Wynn, Simms & Co. and Green Bros., against the defendant, were not entitled to claim the money for the same reason, both being of younger date than the Toombs *fi. fa.* Wynn, Simms & Co. and Green Bros., were not entitled to claim the money under their deed, because it cre-

ated no lien on the money in the sheriff's hands, it not appearing by the sheriff's answer, or otherwise, that any part of the purchase money had been paid, which must have been done to bring the case within section 3586 of the Code. It follows, therefore, that there was no error in making the rule absolute against the sheriff in favor of Toombs, the plaintiff in the oldest *fi. fa.* in the sheriff's hands.

Let the judgment of the court below be affirmed.