RICHARDSON *et al. vs.* LANGSTON & CRANE.

An affidavit to foreclose a lien which alleged that the defendant was a merchant selling dry goods and groceries, and that he was indebted to the deponent "for services rendered as clerk, laborer and general service in said store," was not demurrable as not setting out the fact that the plaintiff was a laborer sufficiently to furnish a foundation for a *fi. fa.*  On a money rule in which such a *fi. fa.* claimed a fund, it should not have been quashed on motion; if the fact that the plaintiff was a laborer was contested, the question should have been raised by a traverse, and submitted to the jury.

CRAWFORD, J., dissenting.

Liens.  Laborers.  Pleadings.  Before Judge WILLIS. Newton Superior Court.  September Term, 1881.

Reported in the decision.

SIMMS & SIMMS;  J. J. FLOYD, for plaintiffs in error.

CLARK & PACE;  McCAY & ABBOTT, for defendants.

CRAWFORD, Justice.

Langston & Crane, with a mortgage *fi. fa.*, and A. D. Richardson, Wm. R. Brown, J. E. and W. S. Latimer, with *fi. fas.* founded upon laborers' liens, were contestants for certain money in the hands of the sheriff raised from a sale of the property of their common debtor.  The court, on motion of counsel for Langston & Crane, quashed the *fi. fas.* of the other parties, upon the ground that the affidavits upon which they were founded were fatally defective.  They set forth that Elliott, the defendant, was a merchant selling dry goods and groceries, and that he was indebted, etc., to Richardson "for services rendered as clerk, laborer, and general service" in said store; to Brown "for services rendered as clerk, laborer, etc., and general service" in said store; to J. E. and W. S. Latimer "as clerk or laborer and general service in said store."

It will be seen that these affidavits allege that the deponents were laborers, and as liens are provided for such persons by law, the opinion of this court is, that the judge below erred in quashing the *fi. fas.* on demurrer, as it admitted the truth of the allegation ; and, that if the other contestants desired to traverse the facts, or denied that they were laborers under the law, that the same should have been inquired of and passed upon by a jury.

My own opinion is that he did not err, as the affidavits are wholly insufficient to show the parties entitled to the lien which they set up, and that the *fi. fas.* were properly quashed.

By the constitution of 1868 it was provided that "mechanics and laborers shall have liens upon the property of their employers for labor performed, or material furnished, and the legislature shall provide for the summary enforcement of the same."

Under this clause in the constitution, §§1974 and 1975 of the Code were adopted to give laborers general and special liens for their labor, and §1991 to provide for their enforcement.

To entitle one to this summary right to an execution against the property of another, without a hearing, the uniform ruling of this court has been, that he must bring himself strictly within the requirements of the law. §1991 declares that he must show all the facts necessary to constitute a lien under the Code. I do not understand that clerks, or persons doing general service, although they may labor, are therefore laborers in legal contemplation. If they are to be included in the general term laborers, then I see no limit to the exercise of this extraordinary right of having execution on oath, by all agents and employes, such as cashiers, tellers and book-keepers of banks, secretaries, treasurers, book-keepers, salesmen and superintendents of manufacturing companies, as well as all the officials in railroads below the president, whether in the offices or on the roads. To enlarge upon class legislation

by implication should not be the policy of courts, and especially so where *ex parte* summary remedies are allowed.

I think these affidavits in any view are defective, because indefinite and uncertain. They allege that the deponents were clerks and laborers, and did general service for the defendant, for all of which he was indebted the amounts of their respective claims. It must follw, therefore, that it is not all due for labor, but part for clerking—part for general service—and part for labor, whilst they can only have and enforce a lien for the last. Nor do I think that this view is in conflict with the case of *Oliver vs. Boehm, Bendheim & Co.*, in 63 *Ga.*, for in that case, although the affiant said that he was a clerk, bar-tender, and boy of all work, yet he specifically set out at length the actual manual labor which he performed.

In this case, however, if the words "clerks and general service in said store" were considered surplusage, or even had been omitted, it is hardly to be supposed that the words "for services rendered as laborers," without more, would stand the test of a demurrer.

It is not to be understood that my brethren either assent or dissent to all that I have said, but they rest the case, without more, on the error of the judge in sustaining the demurrer and quashing the *fi. fas.* without allowing the parties to show that they were laborers, and as such, entitled to a part or all that they claimed, and more especially so as the demurrer admitted that they were laborers.

Judgment reversed.