.HINTON *vs.* GOODE & CRUMBLEY.

1  An affidavit to foreclose a laborer's lien, which alleged merely that the deponent was employed "to labor as a clerk in defendant's store," etc., was insufficient, and was properly dismissed on demurrer. One who is employed merely to labor as clerk in a store is not such a laborer as is contemplated by §1974 of the Code, giving a lien to a laborer on the property of his employer. Something must be averred and shown other than that the party seeking the lien was a clerk. Laborer, as used in the statute, means what was generally known as a laborer at the time of the passage of

the act, and clerks, agents, cashiers of banks, and like employés, whose employment is associated with mental labor and skill, were not considered laborers, and were not included in the statute as such.

2. The foreclosure of a laborer's lien is a summary remedy; the party seeking it must show himself clearly entitled to it, and the statute affording the remedy will be strictly construed.

November 11, 1884.

Laborers. Liens. Master and Servant. Laws. Construction. Remedies. Before Judge HAMMOND. Henry Superior Court. April Term, 1884.

Reported in the decision.

GEO. W. BRYAN, for plaintiff in error.

JOHN L. TYE, by J. H. LUMPKIN, for defendants.

BLANDFORD, Justice.

The affidavit of plaintiff to foreclose a laborer's lien alleged that he was employed to "labor as clerk in defendant's store," etc. The sufficiency of this affidavit was demurred to, and a motion made to quash the execution and dismiss the levy by defendant. This motion the court sustained, and the ruling is the error insisted on here.

1. One who is employed merely to labor as clerk in a store is not such a laborer as is contemplated by §1974 of the Code, and so as to be entitled to have a lien on the property of his employer. Something must be averred and shown other than that the party seeking the lien was a clerk. Laborers, as used in the statute, mean what were generally and universally known as laborers at the time of the passage of the act. A laborer is one who works at a toilsome occupation—a man who does work requiring little skill, as distinguished from an artisan—sometimes called a laboring man. (Webster.) Clerks, agents, cashiers of banks, and all that class of employés, whose employment is associated with mental labor and skill, were not considered laborers,

and were not intended by the statute to be embraced therein as laborers, so as to have a lien for their wages. And this is the effect of the previous rulings of this court. 49 *Ga.*, 511; 63 *Id.*, 172; 68 *Id.*, 658.

2. This is a summary remedy, and the party seeking it must show himself clearly entitled to it, and the statute affording the remedy will be strictly construed. 45 *Ga.*, 161; 60 *Id.*, 104; 66 *Id.*, 732.

So the judgment of the court below is affirmed.