## RICKS *vs.* REDWINE.

| 73 | 273 |
|----|-----|
| 98 | 252 |
| 73 | 273 |
| f108 | 220 |

1. Generally a trust estate for which labor has been performed is subject to the lien of the laborer, and he may enforce it as in other cases, under sections 1974 and 1975 of the Code.
(a.) Peculiar provisions in the instrument creating the trust, or other circumstances which might render the rights of the laborer to assert his lien by summary process inapplicable, do not appear in this case.
2. A clerk employed in a store or other establishment, unless he performs manual labor, is not a laborer entitled to have a lien upon his employer's property which can be summarily enforced.
(a.) Although the court erred in his ruling, as there can be no other result than that already reached, a reversal will not be granted.
    January 21, 1885.

Liens. Laborers. Trusts. Clerks. Master and Servant. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

A. M. SPEER; R. H. CLARK, for plaintiff in error.

W. I. HEYWARD, for defendant.

HALL, Justice.

Redwine contested the claim of Ricks to participate as a preferred creditor, by reason of a lien, set up by the latter as a laborer, on a fund arising from the sale of the property of their common debtor. The affidavit of Ricks, setting up this lien, set forth the fact that he was a "laborer," in consequence of having rendered "service" to White, the debtor, "as a clerk in the National Hotel." The traverse denied his right to the lien, because at the time the service was rendered he was not such a laborer as was entitled to the lien set up, under sections 1974 and 1975 of the Code. When this issue came up for a hearing before the court, Redwine's counsel demurred to the proceeding, on the ground that the fund involved belonged to a trust estate, and that the estate was not liable to the lien, but that the claim for services rendered must be enforced by suit, as in other cases of debts or claims against trust estates.

The demurrer was sustained, and the court ordered Ricks's execution to be dismissed. He excepted to this judgment, and brought it here by writ of error. On the hearing in this court, we were asked to consider not only the question raised by this demurrer, but also that made by the traverse, inasmuch as the issue made by the demurrer, if it should be found in favor of Ricks, would not be decisive of the case, unless the court should also be of opinion that he was entitled to the lien. Thinking the request proper under the circumstances, we have complied with it, and considered both issues.

1. We do not agree with our learned brother that a trust estate for which labor has been performed is not subject to the lien of the laborer, and that he may not enforce his lien for the labor bestowed, as in other cases arising under §§1974 and 1975 of the Code. The proposition is stated thus broadly, because we are aware that there may be peculiar provisions in the instrument creating the trust

or other circumstances which might render the right of the laborer to assert his lien by summary process inapplicable. None of these conditions or circumstances, however, appear in this case, and they are referred to merely to avoid misapprehension as to the extent of this decision.

2. It has been decided by this court that a clerk employed in a store or other establishment, unless he performs manual labor, is not a laborer, entitled to have a lien upon his employer's property, which can be summarily enforced. All the former cases on the subject were reviewed in the case of *Hinton vs. Goode & Crumbley*, decided at this term of the court. We are entirely satisfied that the conclusion rendered in that case is correct, and we think it amply vindicated by the reasons given by Crawford, J., in *Richardson vs. Langston & Crane*, 68 *Ga.*, 658. The present case is controlled by these decisions, and notwithstanding the error complained of in the ruling of the court, there can be no other result than that already reached, and it would be needless to send the case back for another trial; so we order the judgment affirmed.