BURNS & WEST *vs.* LONG & BROTHER *et al.*

Where two firms, as creditors of different debtors, each held a mortgage given by the debtors respectively upon the same personal property, and one of the firms foreclosed their mortgage against their debtor, and caused the property to be sold thereunder, and thereupon the other firm, who had also foreclosed their mortgage against their debtor, sought to claim the fund arising from the sale, there was no error in refusing to allow them to intervene for that purpose. The foreclosure of the mortgage against one debtor constituted no lien upon the fund arising from the sale of the property as that of the other debtor; and if the property did not belong to the debtor as whose it was sold, but to the other debtor, the sale could not affect the lien of the mortgage against the latter.

January 9, 1888.

Mortgages. Liens. Before Judge ADAMSON. City Court of Carrollton. March Term, 1887.

Reported in the decision.

COBB & JUHAN; AUSTIN & MERRELL, for plaintiffs in error.

COBB & MERRELL; WALKER & REESE, for defendants.

BLANDFORD, Justice.

Burns, West & Company had a mortgage upon a mule, given by Robert Powell. Long & Brother had a mortgage on this mule, given by Adam Powell. Long & Brother

foreclosed their mortgage, and the mule was sold and the money arising from the sale was in the sheriff's hands. Burns, West & Company had also foreclosed their mortgage. Long & Brother brought a rule against the sheriff to distribute this money, and asked that it be paid over to them. Burns, West & Company proposed to intervene, and asked that the money be paid upon their mortgage execution. The property having been sold as the property of Adam Powell, and the execution of Burns, West & Company being against Robert Powell, the court refused to allow Burns, West & Company to intervene, holding that they had no right to this fund. This ruling is excepted to, and is the only question in this case.

We think the court was clearly right. The judgment of foreclosure against Robert Powell, obtained in favor of Burns, West & Company, constituted no lien upon the money arising from the sale of this mule as the property of Adam Powell. If Robert Powell was the true owner of the mule at the time he executed the mortgage to Burns, West & Company, this sale made no difference to them; the sale under an execution in favor of Long & Brother against Adam Powell would not have extinguished the lien of Burns, West & Company, and would not in any way have affected it; and they could have prosecuted their lien, and if they had the oldest mortgage, would have no difficulty in making their money; but they could not come in and claim the money arising from a sale under the foreclosure of a mortgage against Adam Powell.

Judgment affirmed.