Bramblet *et al. vs.* Lumsden *et al.*

---

BRAMBLET *et al. vs.* LUMSDEN *et al.*

1. There is no cause of action set out in plaintiff's declaration as to either of the parties defendant, and the demurrers of both were properly sustained. As to one of the defendants, a corporation, the declaration shows that it did not lease the land to plaintiffs, for work on which plaintiffs seek to set up a special laborer's lien, and also that it stopped plaintiffs, as trespassers, from working on the land. As to the other defendant, the declaration shows that he had no interest in the land, but was a mere agent for others. It does not allege that his promise to procure a lease for plaintiff from the owners of the property was more than a mere voluntary promise; nor is any fraud alleged to have been committed by him by which the plaintiffs were induced to go upon the land and do the work in question.

2. Persons employed as laborers may have a general lien on all the property of their employers, but the law does not give them a special lien on any particular property of their employers.

May 7, 1888.

Pleadings. Contracts. Liens. Before Judge WELLBORN. White superior court. October term, 1887.

Reported in the decision.

J. J. KIMSEY, for plaintiffs.

· H. H. PERRY, W. K. WILLIAMS and C. H. SUTTON, for defendants.

BLANDFORD, Justice.

. Bramblet *et al.* brought their action against Jesse R. Lumsden and a certain company, the Hamby Mountain Gold Mines, Limited, (process being prayed and issued against these parties only). The declaration alleged that Jesse R. Lumsden, the defendant, leased to the plaintiffs certain property, as the agent of the owners, to-wit, his father, Thomas R. Lumsden and others, or rather procured the lease from the owners or a part of them, and promised to get it from the others or to get them to ratify the lease, which was signed by Thomas R. Lumsden only; but J. R. Lumsden never procured the ratification by the rest of his principals, who owned two-thirds or seven-eighths of the property. Among the owners of this property was this company, the Hamby Mountain Gold Mines, Limited. The plaintiffs alleged that by virtue of this lease, they entered upon the land, and commenced work and expended money thereon to the extent of some $2,000; and that they continued this work until they were compelled to stop by a writ of injunction sued out at the instance of this company, the Hamby Mountain Gold Mines, Limited. The plaintiffs claimed a special lien against the property as laborors, for work and labor and for money spent in developing the property; and they prayed that this lien be set up and established, etc. Upon demurrer, the court dismissed the declaration, holding that no cause of action was set forth therein.

1. None of the parties interested in this property were sued, except this company, and the declaration itself shows that as to it there was no cause of action; it did not lease the land to the plaintiffs, and it stopped them, as trespassers, from working on the land, resorting to a court of chancery for that purpose. As to the other defendant, Jesse R. Lumsden, there is no cause of action set out as against

him. He had no interest in the land, but was a mere agent for others. And it is not alleged that his promise to procure a lease from the owners of the property was more than a mere voluntary promise; no consideration for the promise is alleged. Nor is any fraud alleged to have been committed by Lumsden by which the plaintiffs were induced to go upon the land and do this work. No act of his is alleged whereby he is liable, under this declaration.

2. The plaintiffs had no special lien against the property as laborers. If they were employed as laborers to do this work, they would have only a general lien against all the property of the employers. Here they seek to set up a special lien against this property; and we know of no law which authorizes laborers to set up a special lien against any particular property of the employer.

We think, therefore, that the court below did right in sustaining the demurrer and dismissing the declaration.

Judgment affirmed.