## GEORGIA LOAN, SAVINGS AND BANKING COMPANY
## v. DUNLOP et al.

1. Affidavits, one alleging that the affiant is "a laborer and mechanic, and that as such" he was employed "to work and labor" in a printing-office, and the other, in addition to the above, setting up that the affiant was employed as a "job-printer," are sufficient to be the foundation of proceedings to foreclose the general laborer's lien provided for in section 2792 of the Civil Code.

2. Such a lien is superior to the lien of a mortgage older in date than the contract of labor, and given to secure the purchase-money on the property against which the laborer's lien is sought to be enforced.

3. The fact that such a mortgage has been foreclosed and execution levied and the property redelivered to the mortgagor upon the execution of a forthcoming bond does not prevent such a lien from attaching to the property; and this is true though the contract of labor was entered into after the redelivery of the property under the forthcoming bond.

(a) Whether or not in such a case the sureties on the forthcoming bond would be liable to the plaintiffs in the mortgage foreclosure proceeding, as for a failure to redeliver the property to the levying officer when called for in terms of the law, in the same condition it was in when the bond was given, is a question not made by the present record.

Argued May 25, — Decided July 21, 1899.

Exceptions to auditor's report. Before Judge Lumpkin. Fulton superior court. December 1, 1898.

*Dorsey, Brewster & Howell* and *Arthur Heyman*, for plaintiff in error. *Hunt & Golightly, Arnold & Broyles*, and *Hamilton Douglas*, contra.

COBB, J. On May 25, 1896, Dunlop and other creditors of S. W. Postell filed a petition praying for equitable relief against their debtor, and under this proceeding a receiver was appointed to take charge of the assets of the defendant. On June 27, 1896, it was represented to the court that the Georgia Loan, Savings & Banking Company (hereafter referred to as the Banking Company) had instituted foreclosure proceedings against Postell & Sexton on a mortgage covering all of the property of Postell, that Postell had filed an affidavit of illegality, and that the illegality proceedings were then pending. It appears from the record that the property was redelivered to Postell upon the execution of a forthcoming bond as provided by law. The court by proper order made the Banking Company a party

to the cause, and directed that the illegality proceeding be consolidated with this case. The case was referred to an auditor, whose findings, so far as material in the present investigation, were, in substance, as follows: (1) Hugh C. Dunlop and John B. Jacques are "laborers," and as such entitled to a lien; (2) the lien in favor of these laborers is superior to the lien of the mortgage of the Banking Company. Numerous exceptions both of law and fact were filed to the auditor's report. The record in this court presents the following questions for determination: (1) Do the affidavits filed by Dunlop and Jacques to foreclose their alleged laborer's liens show on their face that they were laborers within the meaning of the statute providing that laborers shall have a general lien upon all the property of their employers? (2) Is the general laborer's lien superior to the lien of a mortgage given to secure purchase-money, when the contract of labor was entered into after the execution of the mortgage and after it had been foreclosed and the property redelivered to the mortgagor upon the execution of a forthcoming bond?

1. The affidavit of John B. Jacques, filed for the purpose of foreclosing the lien claimed by him as a laborer, sets up that "he is a laborer and a mechanic, and that as such he was recently employed by S. W. Postell, of said county, to work and labor in said Postell printing-office as a job-printer at the following rate of wages, to wit, three ($3.00) dollars per day; that he did work and labor according to contract," and earned a stated sum; and set forth the other facts necessary in such an affidavit. The affidavit of Dunlop set forth that he was "a laborer and mechanic, that as such laborer he was recently employed by S. W. Postell, of said county, to work and labor in said Postell's printing-office at the following rate of wages, to wit, two and 50-100 dollars per day; that he did work and labor according to contract," and earned a stated sum; the affidavit then proceeding to set forth the other facts necessary to appear in such an affidavit. When these affidavits and the executions issued thereon were offered in evidence, objection was made to the admission of the affidavit of Jacques, on the ground that it specified that he was a job-printer, and nowhere recited that he

was a "laborer" in the sense of the statute, the word job-printer rather indicating the contrary; and the affidavit of Dunlop was objected to on the ground that it did not specify the character of labor which he performed. In *Richardson* v. *Langston*, 68 *Ga.* 658, an affidavit to foreclose a laborer's lien alleged that the lien was claimed "for services rendered as clerk, laborer, and general service in said store"; and it was held that the affidavit was not demurrable as not setting out with sufficient distinctness that the affiant was a laborer within the meaning of the statute providing a lien for laborers. Justice Crawford dissented, saying: "I think these affidavits in any view are defective, because indefinite and uncertain. They allege that the deponents were clerks and laborers, and did general service for the defendant, for all of which he was indebted the amounts of their respective claims. It must follow, therefore, that it is not all due for labor, but part for clerking—part for general service—and part for labor, whilst they can only have and enforce a lien for the last." In *Hinton* v. *Goode*, 73 *Ga.* 233, it was held that an affidavit to foreclose a laborer's lien, which alleged merely that the deponent was employed "to labor as a clerk in defendant's store," was insufficient, and was properly dismissed on demurrer. In *Ricks* v. *Redwine*, 73 *Ga.* 273, the affidavit alleged that the deponent was a "laborer" in consequence of having rendered "service" to his debtor "as a clerk in the National Hotel." It was held that the facts stated in the affidavit did not show that the affiant was entitled to a lien; it being ruled that a clerk employed in a store or other establishment, unless he performs manual labor, is not a laborer entitled to have a lien upon his employer's property, which can be summarily enforced. *Hinton* v. *Goode* and *Richardson* v. *Langston*, supra, were cited as authority. In *Floyd* v. *Chess–Carley Company*, and *Skipper* v. *Same*, 76 *Ga.* 752, two affidavits to foreclose laborers' liens were under consideration. One of them alleged that the affiant had contracted with another to labor at his turpentine distillery "as a teamster and woodsman," and the other alleged that the affiant had contracted to labor at such distillery as a "stiller." No ruling was made in this case as to the sufficiency of these affidavits,

so far as they attempted to describe the character of labor that the affiants claimed to have performed ; it being ruled simply that they set forth with sufficient clearness that the labor alleged to have been performed was performed by the affiants themselves, and not by others in their behalf.

None of these cases are controlling in the present case. We think, however, that the affidavits in the present case set up with sufficient distinctness that the deponents were "laborers" within the meaning of the statute providing a lien for such persons. Each affiant alleges that he is a laborer and a mechanic, and that the character of labor he performed was that which was usually performed by a laborer and mechanic in a printing establishment. Prima facie such allegations would be sufficient to show that the affiants performed manual labor in the position described in the affidavit. It is contended, however, that the affidavit of Jacques is insufficient, because he alleges therein that he was employed as a job-printer; and that a job-printer is not necessarily a laborer within the meaning of the statute. It is true that a job-printer may or may not be a manual laborer. He may be the proprietor or owner of a job-printing establishment, who performs no labor therein at all; or he may be an actual laborer in a printing establishment where the work done is that of job-printing. In any event a job-printer, who is a laborer and mechanic, and works and labors in a printing-office, is prima facie a laborer himself and not the proprietor, or superintendent of the establishment in the employ of the proprietor. The affidavits being sufficient to be the foundation of foreclosure proceedings, there was no error in admitting them in evidence; and the evidence before the auditor being sufficient to show that the persons claiming liens were in fact laborers within the meaning of the law, there was no error in overruling the exceptions to the auditor's report, which made complaint of his findings of fact on the question involved and his ruling on the admissibility of evidence.

2. Section 2792 of the Civil Code declares that "Laborers shall have a general lien upon the property of their employers, liable to levy and sale, for their labor, which is hereby declared

to be superior to all other liens, except liens for taxes, the special liens of landlords on yearly crops, and such other liens as are declared by law to be superior to them." It seems to be the settled law of this State that the lien of an ordinary mortgage is inferior to the general laborer's lien upon the same property, although the mortgage is of older date than the contract of labor. *Loan & Bldg. Ass'n* v. *McGruder,* 43 *Ga.* 9; *Langston* v. *Anderson,* 69 *Ga.* 65; *Allred* v. *Haile,* 84 *Ga.* 570. It is contended, however, that this rule is not applicable in the present case, because the mortgage in this case was given to secure the payment of the purchase-money on the property upon which the laborers' liens are sought to be enforced. We know of no law which places a purchase-money mortgage upon personalty upon any different footing in regard to the matter now under consideration from that of an ordinary mortgage upon such property.

3. It appears in the present case that the mortgage creditor instituted foreclosure proceedings, and the mortgaged property was actually seized by the sheriff, but returned to the mortgagor, upon his giving the forthcoming bond required by law in such cases, before the contract of labor between the mortgagor and the laborers was made; and it is claimed that for this reason the lien of the laborers should be declared to be inferior to the lien of the foreclosed mortgage, which had been actually levied upon the property. We can not see that this makes any difference. When the mortgagor obtained possession of the property by giving the forthcoming bond, his possession was as complete as if no foreclosure of the mortgage had ever been had. The undertaking of himself and his securities was to redeliver the property when it was called for in terms of the law, and while he had it he and his securities were entitled to deal with it in just such way as they saw proper, provided that when called for it was delivered to the sheriff. Otherwise there would be a breach of the forthcoming bond. It is not pretended that the mortgagor did not have a right to make the contract with these laborers before any foreclosure proceedings had been instituted, and it therefore follows that when foreclosure proceedings had been instituted and

stayed in the manner prescribed by law and the property re-delivered to the mortgagor, he could, so far as the mortgagee was concerned, deal with the property in the same way as if such proceedings had not been begun. If he was in possession of the property, the laborers whom he employed had a right to assert that it was his property and to demand payment out of it as his property. Whether the creation of the laborer's lien would render the sureties on the forthcoming bond liable to the plaintiff in the mortgage foreclosure proceedings, as for a failure to produce the property in the condition it was in when the bond was given, is a question not involved in the present case. The laborers are certainly entitled to enforce their liens against the property, and the liens thus enforced are superior to the lien of the mortgage, notwithstanding the mortgagee had instituted foreclosure proceedings, and the property was redelivered to the mortgagor under a forthcoming bond, before the contract of labor was made.

*Judgment affirmed. All the Justices concurring.*