861.  BAISDEN & COMPANY *v.* HOLMES-HARTSFIELD COMPANY.

HILL, C. J. A laborer's lien has priority of a mortgage given to secure the payment of purchase-money; and this is true even though the mortgage has been foreclosed and levy of the mortgage fi. fa. is made

before the laborer's lien is foreclosed. Civil Code, §§ 2792, 2793; *Bradley* v. *Cassels*, 117 *Ga.* 517 (43 S. E. 857); *Georgia Loan Co.* v. *Dunlop*, 108 *Ga.* 218 (33 S. E. 882).

2. A materialman's lien is superior to the lien of a prior mortgage for purchase-money, where the material has been furnished without actual notice of the mortgage. Civil Code, § 2804, par. 4; *Tanner* v. *Bell*, 61 *Ga.* 585.

3. Property seized under execution is in custody of the law, and can not be levied upon by virtue of other process. Any person having a lien on the property, or interested in the proceeds thereof, may come into the court having possession of the property or its proceeds and assert his rights. *Mulherin* v. *Porter*, 1 *Ga. App.* 153 (58 S. E. 60); *Fulghum* v. *Williams Co.* 114 *Ga.* 646 (40 S. E. 695, 1 L. R. A. (N. S.) 1055, 88 Am. St. R. 48); Freeman on Executions, § 268.

4. Where property has been seized and sold by the sheriff under execution, and, subsequently to the seizure, a laborer or materialman has foreclosed his lien on the property seized, and has been prevented from having a levy made, because the property was in custodia legis, he does not thereby lose his lien, but can place it in the hands of the sheriff, with notice to hold up the money arising from the sale of this property, until distributed by direction of the court.

5. Under the agreed statement of facts, the money in the hands of the sheriff, arising from the sale of the property of the defendants in fi. fa., was distributed by the court according to legal priorities.

*Judgment affirmed.*

Money rule, from city court of Moultrie—R. L. Shipp, judge pro hac vice. November 12, 1907.

Submitted February 3,—Decided March 30, 1908.

The questions in this case arise on a rule to distribute money, upon the following agreed statement of facts: "On July 18, 1907, the Holmes-Hartsfield Company, a firm engaged in the furnishing of sawmills with provisions and other things necessary to carry on the work of sawmills, foreclosed their lien for supplies, as required by law, which lien execution was, on the 18th day of July, 1907, levied upon the following property [describing a certain sawmill, etc.], which proceedings were against Broome & Sellers. Afterwards, to wit, on the 2d day of July, 1907, Baisden & Co. procured a purchase-money attachment against said property, which attachment was, on the 26th day of July, 1907, . . executed by seizing, attaching, and levying upon said property; which proceedings were against Broome & Sellers. Both of said levies . . were by the sheriff of the city court of Moultrie. After both of said levies had been made by said sheriff, he advertised the same, as required by law, for sale under the purchase-money attachment of Baisden

& Co. Said property was, on the first Tuesday in October, 1907, sold by said sheriff to the highest bidder, for cash, under and by virtue of said purchase-money attachment, for the sum of $275.

"On the 16th day of November, 1906, in the city court of Moultrie, J. H. Drake obtained a judgment upon a suit brought upon an open account, against R. J. Broome, one of the defendants in said lien foreclosure and said attachment, upon which judgment execution was issued on the 28th day of November, 1906, for the total sum of $61.25, including costs, which execution was entered on the execution docket of the city court of Moultrie, . . November 30, 1906, and . . also entered, on the same date, on the general execution docket of the superior court of Colquitt county. After said lien execution of the Holmes-Hartsfield Company and said purchase-money attachment of Baisden & Co. had been levied upon the property described, to wit, on the 10th day of September, 1907, A. W. Sellers, W. T. Tucker, John Reagan, W. D. Thompson, N. A. Barksdale, and I. N. Barksdale, foreclosed their laborers' liens, against the firm of Broome & Sellers, which executions were never levied upon any of the property, but were, on the 1st day of October, 1907, placed in said sheriff's hands, with instructions to hold up the money derived from the sale of said property, for the purpose of paying said laborers' liens. Afterwards, to wit, on the 28th day of September, 1907, William Pope foreclosed his laborer's lien against the said Broome & Sellers, and, on the 1st day of October, 1907, placed said lien foreclosure in said sheriff's hands, with instructions to hold up the money derived from the sale of said property, for the payment of said lien foreclosure. The said liens were for the following sums [stated]. The said A. W. Sellers, who foreclosed said laborer's lien as above stated, is a member of the defendant firm, Broome & Sellers; he having foreclosed said lien against himself and his partner R. J. Broome. Said sheriff has possession of said sum of money, to wit, $275. He refuses to apply said money to the payment of either of said lien executions or said purchase-money attachment, except on an order of the court directing him to do so. At the time Baisden & Co. sold said property to Broome & Sellers, the defendants gave a mortgage thereon for the purchase-money to plaintiffs, which mortgage was duly recorded and foreclosed, and execution thereon

issued, on the 23d day of July, 1907; but said mortgage execution was never levied, but was placed in the hands of the same sheriff."

The judgment of the court was "that the money in the hands of the sheriff be paid out as follows: (1) To the laborers, as set out in the agreed statement of facts, together with the principal, interest, and costs due said laborers as therein specified, with the exception that A. W. Sellers gets nothing. (2) It is then ordered that the claim of Holmes-Hartsfield Company be paid, principal, interest, and costs. (3) It is then ordered that the claim of Baisden & Co. be paid, principal, interest, and costs. (4) The claim of J. H. Drake is declared to be inferior to the above-stated claims. The liens rank as above set forth, to wit: laborers' liens coming first; Holmes-Hartsfield Company coming second; Baisden & Co. coming third, and Drake fourth and last."

Baisden & Co. excepted, on the following grounds: (1) The laborer's-lien executions are not in law superior to the purchase-money attachment lien. (2) The judgment is contrary to law. (3) The judgment is contrary to evidence and without evidence to support it. (4) Said executions were never levied as required by section 2794 of the code. (5) Said executions were never levied as required by section 2816, par. 4, of the code. (6) Laborer's-lien executions do not become fixed and binding on property until levied. (7) The purchase-money attachment was levied before the laborers' liens were foreclosed. (8) The laborer's-lien executions, or the materialmen's lien, are not superior to the mortgage execution, because the mortgage was for purchase-money and was duly recorded. (9) The mortgage was foreclosed and the execution placed in the sheriff's hands before foreclosure of any of the said liens. (10) A purchase-money lien is superior, in law, to either a laborer's or a materialman's lien. (11) A purchase-money attachment, when levied, becomes a fixed lien upon the property levied upon and is superior to any materialman's or laborer's lien. (12) Purchase-money mortgage lien, duly recorded, is superior to any materialman's or laborer's lien, especially when the mortgage is foreclosed before the other liens are foreclosed.

T. H. Parker, for plaintiff in error.

A. B. Buxton, E. L. Bryan, James Humphreys, J. D. McKenzie, contra.