4461. MATHEWS *v.* FIELDS, sheriff.

POTTLE, J. 1. The general lien of a laborer upon the property of his employer has priority over a mortgage given to secure the purchase-money on such property. Civil Code (1910), § 3334; *Georgia Loan & Bkg. Co.* v. *Dunlop,* 108 *Ga.* 218 (33 S. E. 882); *Bradley* v. *Cassels,* 117 *Ga.* 517 (43 S. E. 857); *Baisden* v. *Holmes-Hartsfield Co.,* 4 *Ga. App.* 122 (60 S. E. 1031).

2. Where, after the foreclosure of such a mortgage and the levy of the execution issued thereon, a laborer's general lien is foreclosed and execution duly issued thereon and placed in the hands of the levying

15

officer for the purpose of claiming the fund arising from the sale of the property under the mortgage execution, the laborer's lien should be first satisfied, although the execution issued upon the lien foreclosure had never been levied upon the property. *Baisden* v. *Holmes-Hartsfield Co.,* supra; Civil Code (1910), § 5348.

3. Where, in a petition for a rule to distribute money, brought by one claiming the fund under a laborer's lien execution, it is alleged that before the sale of the property the petitioner filed with the sheriff "his due and legal affidavit and execution" for a laborer's lien on the property, with notice to the officer to satisfy such execution out of the funds arising from the sale, and this allegation is admitted in the answer to the petition, it is not, upon the trial of the issues arising upon the petition and answer, necessary for the plaintiff to introduce in evidence the lien-foreclosure proceedings.

4. A suit commenced and prosecuted by an infant alone is not void. Civil Code (1910), § 5524. While, in response to a timely objection made upon such ground, a suit by a minor should be dismissed unless amended so as to proceed for the infant in the name of a guardian or next friend, where no such objection is made to the petition the failure of the infant plaintiff to amend constitutes no reason for granting a nonsuit. *Vale Royal Mfg. Co.* v. *Bradley,* 8 *Ga. App.* 483 (3), 491 (70 S. E. 36). If there is no guardian, or letters of guardianship are not produced, and a guardian is necessary, the court should appoint one. *Wood* v. *Haines,* 72 *Ga.* 189.

5. Parental power over a minor child is lost by the parent consenting to the child receiving the proceeds of his own labor. Civil Code, § 3021. A bona fide employment of the child by the father at stipulated wages is one mode of giving such consent. A contract made by a father to pay his minor son wages for his services is valid and enforceable by the minor as between him and creditors of the father. *Wilson* v. *McMillan,* 62 *Ga.* 16 (35 Am. Rep. 115); *Hargrove* v. *Turner,* 112 *Ga.* 134 (37 S. E. 89, 81 Am. St. R. 134); *Vale Royal Mfg. Co.* v. *Bradley,* supra.

6. There being in the evidence nothing to impeach the bona fides of the contract made between the father and his minor son, it was error to grant a nonsuit and to refuse to direct that the laborer's lien execution be satisfied out of the funds in the hands of the levying officer.

*Judgment reversed.*

DECIDED FEBRUARY 4, 1913.

Money rule; from city court of Swainsboro—Judge H. R. Daniel. August 30, 1912.

*F. H. Saffold, Alfred Herrington Jr.,* for plaintiff.
*Williams & Bradley,* contra.