### 6477.   LATHEM & SONS v. STRINGER et al.

The decision in this case is controlled by the rulings of this court in
*Mulherin* v. *Porter,* 1 *Ga. App.* 153 (58 S. E. 60), and *Matthews* v.
*Fields,* 12 *Ga. App.* 225 (77 S. E. 11), as well as by the ruling of the
Supreme Court in *Cochran* v. *Waits, Johnson & Co.,* 127 *Ga.* 93 (56 S. E.
241). See also *Hill-Atkinson Co.* v. *Hasty,* ante, 569.

DECIDED FEBRUARY 4, 1916.

Certiorari; from Cherokee superior court—Judge Patterson.
February 26, 1915.

*W. D. Mills, N. A. Morris, J. G. Roberts,* for plaintiff.

RUSSELL, C. J.   W. A. Lathem & Sons caused two justice-court
fi. fas., issued on January 11, 1914, to be levied on certain crops
of D. W. Lollis, and these crops were sold by the constable on
December 5, 1914.   On January 1, 1915, J. J. Stringer foreclosed
a landlord's special lien, claiming a lien in the sum of $272.15,
with interest from September 15, 1914, upon the crops alleged to
have been raised by Lollis on land rented from him for the year
1914, and that the debt was for supplies furnished Lollis by the
deponent as landlord, to aid in making the crop.   This foreclosed
landlord's lien was then placed in the hands of the levying officer,
who still had possession of the proceeds of the sale under
the justice-court executions.   Lathem & Sons brought a rule
against the officer, to require him to apply the funds in his hands
in satisfaction of their executions, and upon the issue made on the
rule in the justice's court, on the trial upon appeal, the jury
awarded the fund to Stringer.   The case was carried by certiorari
to the superior court, where the finding of the jury was sustained
and the certiorari overruled.

It is insisted before us that as Stringer "failed to foreclose his
lien until after the sale of the property, and until after the time
when the money arising from the sale thereof should have been
applied to the fi. fas. of Lathem & Sons, he is precluded thereby;"
and that under the evidence submitted Stringer failed to show
that the property levied upon was subject to his lien.   Taking these
propositions in reverse order, it is enough to say, as to the proof,
that Stringer's foreclosure was not contested, nor were the facts
provided by law, and, in the absence of a counter-affidavit, the fore-
closure was final process, which was no more subject to collateral
stated in his affidavit or in the foreclosure controverted or denied as

attack than any other judgment, and the facts therein recited are conclusive, and the foreclosed lien fully identified the property upon which the lien was claimed. Furthermore, the point that the evidence did not show that the proceeds of the sale were derived from the sale of the goods upon which Stringer claimed his lien could not be considered by the judge of the superior court, nor can it. be considered here, because the petition for certiorari contains no exception upon the ground that the finding of the jury was contrary to evidence and without evidence to support it. And it appears, from the answer of the magistrate, that it was tacitly admitted that the fi. fas. were levied upon the crops upon which Stringer claimed a lien, and that the only issue in the trial before the jury was as to priority.

Upon the point that Stringer could not foreclose his lien after the property upon which a lien was claimed had been sold under a levy, and that the property itself could not be subjected to levy, the judge of the superior court ruled correctly. Nothing is better settled than that property which has by levy been taken into the possession of the levying officer is in custodia legis, and therefore not subject to another levy. Mr. Freeman, in his work on Executions (volume 2, § 268), in treating of the effect of a levy upon property, says, upon authority, that "the moment that a levy is made, the rights and remedies of the officer are materially changed; or, more accurately speaking, he, from that moment, is vested with rights and entitled to remedies to which he could before urge no valid claim. . . The officer is entitled to retain such possession and control of the property as may be necessary to make it productive under the writ. The law therefore concedes to him, as to a bailee, a special property in the goods in his custody." And in the same section the author says that another consequence of taking property under an execution is that it is put in custody of the law and can not be levied upon by any officer. In support of these propositions he cites Burkett *v.* Bird, 3 Dana, 213; Rives *v.* Welborn, 6 Ala. 45; Kemp *v.* Porter, 7 Ala. 138; Hartwell *v.* Bissell, 17 Johns. 128; Bilby *v.* Hartman, 29 Mo. App. 125, and other cases. That property seized by an officer of the court by virtue of its processes is in the custody of the court is also ruled by Mr. Justice Matthews in Covell *v.* Heyman, 111 U. S. 176 (4 Sup. Ct. 355, 28 L. ed. 390). And in *Camp* v. *Williams,* 119 *Ga.* 152 (46 S. E.

66), our Supreme Court held that where a distress warrant was levied by a constable upon personal property, and thereafter a mortgage fi. fa. on the same property was placed in the hands of the sheriff, the sheriff had no right or authority to levy the mortgage execution upon property which, by reason of the constable's levy, was already in custody of the law. It seems to be plain therefore that the fact that Stringer did not foreclose his landlord's lien until January 1, 1915, and until after the sale of the property by the constable, is immaterial, in view of the fact that after the levy of the common-law executions it would not have been possible for Stringer's landlord's lien to be levied upon the crops. After the levy of the common-law fi. fas. by the constable, Stringer could do nothing except to claim the fund arising from the sale of the property, and the mere fact that he did not foreclose his lien before the levy does not prevent his claiming the priority of the landlord's lien over the common-law judgments, which is accorded to it by law. The case before us is squarely decided in *Cochran* v. *Waits, Johnson & Co.*, 127 *Ga.* 93 (56 S. E. 241), in which it is held that a levy is not necessary in order to fix a landlord's special lien upon a crop, either for rent or for supplies furnished to aid in making the crop. It is further held in that case that, "Such special liens being superior to older common-law judgment obtained against the tenant (Civil Code [of 1895], §§ 2795, 2800, par. 6 [Code of 1910, §§ 3340, 3348]), if agricultural products upon which such liens exist are levied upon under such judgments, and the landlord thereupon duly forecloses these liens and places the lien executions in the hands of the levying officer, to be levied upon such property and such products are sold by the levying officer under the common-law executions, without the fi. fas. issued upon the foreclosure proceedings of the landlord having been levied upon them, the money arising from such sale in the hands of the levying officer is subject to such special liens, and, in a rule against such officer to distribute the same, they will take precedence over the judgments upon which the executions under which the property was sold were based." See also *Horrigan* v. *Savannah Grocery Co.*, 126 *Ga.* 127 (54 S. E. 961). In *Mulherin* v. *Porter*, 1 *Ga. App.* 153 (58 S. E. 603), the rule that the priority of a lien which attaches to property which has been sold follows the proceeds of the sale was distinctly recognized, although the contest in that case

was between a distress warrant and a common-law execution, instead of between a landlord's special lien and a common-law execution, as in this case. See also upon this subject *Baisden* v. *Holmes-Hartsfield Co.,* 4 *Ga. App.* 122 (60 S. E. 1031), and *Matthews* v. *Fields,* 12 *Ga. App.* 225 (77 S. E. 11).

Nothing ruled in this case in any wise conflicts with what was ruled in *Redwine* v. *Jarrell,* 14 *Ga. App.* 294 (80 S. E. 728). The case at bar is differentiated from that case so far as that case related to laborer's liens, in that the priority of the lien of a laborer (as it may affect persons without notice) is fixed by the date of its levy, whereas the special lien of a landlord for supplies, such as is involved in the case sub judice, attaches, by operation of law, from the date when the supplies necessary to make the crop are furnished.

In this State landlords are favorites of the law, in that the lien created in their favor for supplies furnished to aid in making crops is accorded by law a priority over outstanding common-law judgments which (but for the adoption of this wise policy in the promotion of agriculture, without which a large majority of the tenants and croppers in this State perhaps would be unable during a large portion of the year to procure even the necessaries of life) would, under ordinary rules, and according to precedence in date, be superior to them.                    *Judgment affirmed.*