15475.    SUTTON *v.* BANK OF OGLETHORPE *et al.*

STEPHENS, J. 1. The rule that the burden of proving that one is a laborer lies upon the one asserting a laborer's lien does not apply where a judgment foreclosing a laborer's lien is collaterally attacked by a stranger.

2. Where two judgment creditors are contending for a fund upon a money

rule against the levying officer, and the claim of one of the judgment creditors is based upon a judgment foreclosing a laborer's lien, and where the former files a traverse denying that the one who had asserted the laborer's lien was a laborer, the burden of proof, if a traverse lies in such a proceeding, is upon the creditor filing the traverse.

3. Where the evidence in support of such traverse is to the effect that the work performed by the alleged laborer was as a clerk in a mercantile store, in the discharge of such duties as selling merchandise, receiving goods from the depot, opening them and putting them on the shelf, dusting the goods, delivering goods to customers, filling cars with gasoline and oil, washing showcases and windows, removing spider-webs from the walls and ceiling, making boxes, shipping, and reshipping goods not acceptable, and doing work as a general "flunkey" around the store, having charge of the business when the proprietor was absent, showing and selling goods to customers, helping the proprietor straighten out the goods and marking the price thereon, helping with the books and assisting in posting them, figuring accounts due by customers and receiving payments from them, extending credit to customers, dealing with drummers or salesmen and sometimes buying goods from them, and it nowhere appearing from the evidence what amount of such work required "mental skill or business capacity" or involved the "exercise of . . intellectual faculties," the evidence was insufficient to support a finding that he was not a laborer; and therefore the judgment finding against the traverse was as a matter of law demanded, and the granting of a new trial upon this issue was error. *Oliver* v. *Macon Hdwe. Co.*, 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. Rep. 300).

4. It appears without dispute that the judgment based upon the alleged laborer's lien had priority as a matter of law over all other liens, including the mortgage lien of the bank of Oglethorpe; and a judgment establishing it as a first lien upon the fund was, as a matter of law, demanded, and such judgment was erroneously set aside upon a motion for a new trial. *Baisden* v. *Holmes*, 4 *Ga. App.* 122 (60 S. E. 1031); Civil Code (1910), § 3334.

5. It is doubtful whether the motion for a new trial, which was based on the general grounds in the regular form, and which did not specifically complain of the judgment on the traverse, raised any question for consideration other than the sufficiency of the evidence upon the priority of the liens; but since the granting of a new trial and the setting aside of the final judgment was erroneous for the reasons already stated, it is unnecessary to decide this latter question.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Money rule; from city court of Oglethorpe—Judge Harper presiding. February 20, 1924.

*Gilbert C. Robinson,* for plaintiff in error.

*John M. Greer, John B. Guerry, Joseph W. Popper,* contra.