*Ellis Cone, Richard H. Peters, Jones, Fuller, Russell & Clapp*, contra.

24357. BROWN *et al.* v. SMITH, tax-collector *et al.*

SUTTON, J. Where, to satisfy a tax fi. fa. against a named person, the sheriff levied on personal property returned for taxation by that person together with other property, and before the sale under the tax execution the holder of a mortgage thereon, which had been executed and delivered to the mortgagee by a person other than the defendant in the tax fi. fa. prior to the year in which the defendant returned the property for taxes, lodged the mortgage fi. fa. with the sheriff, it was not error, after due advertisement and sale of the property under the tax execution, for the judge to order, on a money-rule proceeding brought by the tax-collector to ascertain to whom the sheriff should pay the funds arising from the sale under the tax execution, that the lawful costs be first paid, and then that the balance of the proceeds of the sale in the hands of the sheriff be applied towards the satisfaction of the tax execution. Section 3274 of the Code of 1910 applies only where the contesting liens are against such property as the property of the same debtor. See *Crafton* v. *Toombs*, 58 *Ga.* 343; *Burns* v. *Long*, 79 *Ga.* 530 (4 S. E. 877); *Pasley* v. *Beland*, 111 *Ga.* 828 (36 S. E. 296); *Crawford County Bank* v. *Britt-Hightower Co.*, 17 *Ga. App.* 804 (2) (88 S. E. 691), and cit.

This decision is not based upon whether the mortgage or the tax execution would prevail in a proper proceeding (see *Carroll* v. *Richards*, 50 *Ga. App.* 272, 177 S. E.    , *Doane* v. *Chittenden*, 25 *Ga.* 103, 108; *Johnson* v. *Goins*, 157 *Ga.* 430, 121 S. E. 830); but it is based upon the fact that the property was sold as the property of the defendant in the tax fi. fa. If the property did not belong to the debtor as whose it was sold, but to the other debtor, the sale could not affect the lien of the mortgage against the latter. *Burns* v. *Long*, supra. For the above reason this decision is not contrary to *Kirby* v. *Reese*, 69 *Ga.* 452, *Baisden* v. *Holmes-Hartsfield Co.*, 4 *Ga. App.* 122 (60 S. E. 1031), *Mulherin* v. *Porter*, 1 *Ga. App.* 153 (58 S. E. 60), *Toney* v. *Puckett*, 18 *Ga. App.* 514 (89 S. E. 1102), and *Bank of Lafayette* v. *Wardlaw*, 20 *Ga. App.* 741 (93 S. E. 236). Nor is the principle of marshaling assets, or sections 3220, 4609, and 5348 of the Code of 1910 applicable to this case.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 7, 1935.

*Gilbert C. Robinson, B. F. Neal,* for plaintiffs in error.
*R. L. Greer,* contra.