FORD *et al.*, for use, etc., *v.* LONE STAR CEMENT COMPANY *et al.*

No. 10411. APRIL 10, 1935. ADHERED TO ON REHEARING, OCTOBER 2, 1935.

*Connerat & Hunter,* for plaintiffs in error.

*Harold Hirsch, Marion Smith, Alston, Alston, Foster & Moise, Mayson, Winn & Savage, Warren Cox, Crenshaw & Hansell, B. E. Gaines, Dorsey, Shelton & Pharr, L. M. Wyatt, Howell & Post, J. R. Bowden, D. F. McClatchey Jr.,* and *Bradley, Baldwin, All & White,* contra.

RUSSELL, Chief Justice. Independence Indemnity Co., a non-resident corporation, as provided by statute made a deposit of securities with the State treasurer of Georgia, and obtained a license to engage in the business of writing bonds in this State. Lone Star Cement Co., having obtained a judgment on April 12, 1933, against the Indemnity Co., for $35,056.25 principal, besides interest, filed a petition for a receiver, and the court appointed a receiver. The company being found to be insolvent, the receiver, by authority of the court, obtained from the State treasurer the securities which had been placed on deposit, converted them into money, and held the fund subject to the order of the court. Other creditors of the Independence Indemnity Co. intervened and set up their claims. The claim of the Industrial Realty Co. was based on a judgment for $18,000 principal, besides interest, obtained on

January 31, 1932. Both of these judgments were obtained against the Indemnity Co. on bonds issued by it. Separate interventions were filed by Adriana Ford and by Clara Fields, for use of Southern Stevedoring Co., for the cash value of awards made by the Federal deputy commissioner against Southern Stevedoring Co. as employer, and Independence Indemnity Co. as insurance carrier, for injuries sustained by employees of the employer, under the provisions of the act of Congress known as the "longshoremen's and harbor workers' compensation act," 33 U. S. C. A. § 901 et seq. The amounts of the two claims last named were $4154.62 and $3950.68, respectively. The award in favor of Adriana Ford was made on February 7, 1929, and that in favor of Clara Fields on November 14, 1930. The judge, passing on the priorities of the claimants to the fund in court, after ordering payment of the costs and expenses of the proceeding, decreed that the amount due on the judgment in favor of Industrial Realty Co. be paid in full, and that the balance in the hands of the receiver be paid on the judgment in favor of Lone Star Cement Co., the amount due on these two judgments being more than the funds in the hands of the receiver. To this judgment Adriana Ford and Clara Fields, for the use of Southern Stevedoring Co., excepted and assigned error on the grounds: (1) Said judgment and decree are contrary to principles of equity and justice and contrary to law. (2) The awards in favor of the plaintiffs in error, having been rendered prior to the date of the judgments of both the Industrial Realty Co. and the Lone Star Cement Co., should have been awarded a priority, and the funds in the hands of the receiver should have been first awarded to the plaintiffs in error rather than to the two judgment creditors. Various other intervenors filed claims to the fund in court, but only Adriana Ford and Clara Fields excepted to the court's distribution of the fund.

The Independence Indemnity Company was a non-resident corporation engaged in this State in the surety, insurance, and bonding business, and wrote bonds as surety for employers liable for compensable injuries to employees, as well as becoming surety on other bonds. In accordance with our insurance requirements it had a deposit of bonds of the United States of the par value of $25,000. Upon a finding that the company was insolvent, the court appointed a receiver, who obtained the bonds from the State

treasurer, and under order of court converted them into money and held the fund subject to the order of the court. The receiver was appointed on petition filed by Lone Star Cement Company, which had obtained a judgment against Independence Indemnity Company on April 12, 1933. Interventions were filed by Industrial Realty Company, which secured a judgment against Independence Indemnity Company on January 21, 1932, and by Adriana Ford and Clara Fields, for the use of Southern Stevedoring Company, based on awards made by the Federal deputy commissioner against the Southern Stevedoring Company as employer and the Independence Indemnity Company as insurance carrier. The award in favor of Adriana Ford was made on February 7, 1929, and that in favor of Clara Fields was made November 14, 1930. The judgment of which complaint is made declined to apply any portion of the fund in court to the awards in favor of Adriana Ford and Clara Fields, upon which, under the provisions of the longshoremen's and harbor workers' act (33 U. S. C. A. § 901 et seq.), the Southern Stevedoring Company as principal was bound, and for the payment of which the Independence Indemnity Company is liable as security. It is to be noted that each of these awards against the insurance carrier, the Independence Indemnity Company, antedated both of the judgments to which the fund in court was awarded. So the controlling question presented in this case is whether the findings and awards of the Federal deputy commissioner against the Independence Indemnity Company as insurance carrier, for injuries sustained by employees of the Southern Stevedoring Company, constituted a lien upon the fund in court.

The longshoremen's and harbor workers' compensation act (33 U. S. C. A. c. 18) provides, in § 904, that every employer shall be liable for, and shall secure the payment to his employees, of the compensation payable under §§ 907, 908, and 909 of this chapter.. Section 907 provides for medical service and supplies. Section 908 deals with the amount of the compensation in case of disability, whether permanent or temporary total disability, or permanent partial disability for loss of different bodily members, loss of eyesight, and various injuries mentioned therein. Section 909 relates to compensation for death. Section 914 provides that compensation under this chapter shall be paid periodically and promptly and directly to the person entitled thereto, without an award, except

where liability to pay compensation is controverted by the employer. If a claim for compensation for an injury is controverted, it is provided in § 919 (c) that the deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect to the claim, and upon application of any interested party shall order a hearing thereon. If a hearing on such claim is ordered, the commissioner shall give notice of the hearing as prescribed, and at such hearing the claimant and the employer may each present evidence in respect of such claims. It is provided in § 919 (e) that the order rejecting the claim, or making the award referred to as a compensation order, shall be filed in the office of the deputy commissioner, and a copy sent by registered mail to the claimant and the employer. Section 917 provides that "Compensation shall have the same preference of lien against the assets of the carrier or employer, without limit of amount, as is now or may hereafter be allowed by law to the claimant for unpaid wages or otherwise." Section 921 provides for a review of the compensation order. But a compensation order becomes final when filed in the office of the deputy commissioner, unless proceedings are instituted, as provided in (b) of the same section, at the expiration of the thirtieth day.

From a review of the provisions of the longshoremen's and harbor workers' compensation act we are of the opinion that the awards of the deputy commissioner, as set forth in the interventions of Adriana Ford and Clara Fields for the use of Southern Stevedoring Company are a lien upon the fund which is before the court of equity, and that the chancellor erred in not allowing them priority in the distribution of the fund. Nothing said in *Eads* v. *Southern Surety Co.*, 178 *Ga.* 348 (supra), is in conflict with our holding in the case at bar. In the *Eads* case this court held that a judgment rendered before insolvency is entitled to priority over a judgment rendered after insolvency and incidental merely to the pending proceeding for marshaling the assets of the company. It can not be said that the claims under the Federal compensation act are for this reason inferior to those fixed by the laws of Georgia, for the Civil Code of 1910, § 1, expressly confers superiority upon statutes passed by Congress. Since the statute expressly provides that compensation shall have the same preference of lien as a claim for unpaid wages, and since the awards in question had become final,

and were older in date than the competing common-law judgments, we are of the opinion that these awards should have been given priority according to date in the distribution of the fund in controversy. "Laborers shall have a general lien upon the property of their employers, liable to levy and sale, for their labor, which is hereby declared to be superior to all other liens, except liens for taxes, the special liens of landlords on yearly crops, and such other liens as are declared by law to be superior to them." Code of 1933, § 67-1801. It is here immaterial that the fund in controversy would not have been subject to levy and sale under a laborer's lien foreclosure. Neither did the fund constitute such a species of property that it could have been levied on to satisfy the common-law judgments. The fund was in court, subject to distribution upon equitable principles, and should have been awarded to the oldest lien. See Code of 1933, § 24-211; *Bramblet* v. *Lumsden,* 80 *Ga.* 707 (6 S. E. 470) ; *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393) ; *Donovan* v. *Simmons,* 96 *Ga.* 340 (22 S. E. 966) ; *Griffith* v. *Posey,* 98 *Ga.* 475 (25 S. E. 515) ; *Cochran* v. *Waits,* 127 *Ga.* 93 (56 S. E. 241) ; *Mulherin* v. *Porter,* 1 *Ga. App.* 153 (58 S. E. 60) ; *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034) ; *Mathews* v. *Fields,* 12 *Ga. App.* 225 (77 S. E. 11). In view of what has been said, no decision is necessary and none will be made as to whether the awards of the deputy commissioner should, under the Federal statute, be accorded the dignity and force of judgments in the ordinary sense of the term. The fund should have been awarded: (1) to Adriana Ford for use, etc.; (2) to Clara Fields for use, etc.; (3) to Industrial Realty Company; and the remainder, if any, to the Lone Star Cement Company. And it is so ordered.

*Judgment reversed. All the Justices concur.*

On rehearing the former judgment is adhered to. *All concur.*