508

35968.   STANTON *v.* HARGETT *et al.*

D<small>ECIDED</small> F<small>EBRUARY</small> 17, 1956—R<small>EHEARING</small> <small>DENIED</small> M<small>ARCH</small> 7, 1956.

*John G. Cozart,* for plaintiff in error.

*Dan S. Beeland,* contra.

FELTON, C. J. Assuming that such a motion was proper, the court did not err in overruling it. As to the procedure under Code § 67-805, the court said, in *Barkley* v. *May,* 3 *Ga. App.* 101, 103 (2) (59 S. E. 440): "It was designed for those cases where a cred-

itor of the mortgagor might desire to contest the validity and *fairness* of the mortgage, and not to settle the priority of conflicting liens." The petitioner here is not contesting the validity and fairness of Stanton's bill of sale to secure debt. He contends that certain of the property sold under Stanton's process was not covered by Stanton's lien, or, that if Stanton did have a lien on all the property by virtue of his bill of sale, such lien was junior to his own lien as to 75% of the property.

Stanton's bill of sale was dated April 25, 1955, and provided: "It is understood and agreed that the lien of this bill of sale to secure debt shall detach as to any and all goods, wares and merchandise sold in the usual course of business and shall immediately attach to all goods, wares and merchandise purchased or acquired for replacement of merchandise sold or added to said stock."

Hargett's bill of sale was dated October 29, 1954, and was recorded November 2, 1954. It provided: "The lien created by this bill of sale shall be released as the stock is sold at retail; and the lien shall assess and attach to all replacements and additions to said stock."

When Rigsby moved the goods and merchandise covered by Hargett's lien from his store on Talbotton Road and combined them with the goods and merchandise covered by Stanton's lien at the store on Warm Springs Road, such did not constitute a sale at retail as would release such goods from Hargett's lien. Assuming but not deciding that when the goods and merchandise were moved into the Warm Springs Road store Stanton's lien attached thereto, such lien was junior to Hargett's prior recorded lien.

The plaintiff in error, citing *Pasley* v. *Beland,* 111 *Ga.* 828 (36 S. E. 296), *Crawford County Bank* v. *Britt Hightower Co.,* 17 *Ga. App.* 804 (88 S. E. 691) and *Brown* v. *Smith,* 50 *Ga. App.* 332 (178 S. E. 180), contends that the proper procedure the plaintiff should have followed was not as set out in Code § 67-118 because in the present case the mortgages or bills of sale were not given on the *same* property. In the cases relied on mortgages were given on the same property but by different mortgagors and the courts held that Code § 67-118 "does not apply to such a case, but only to a case where both mortgages are given by the same person on the same property." In the present case the bills of sale to secure debt were given by the same per-

son but originally on different property. But since the properties were so mixed and co-mingled as to render it impossible to ascertain which bill of sale covered which property, we think the principle was the same as if both mortgages or bills of sale covered the same property and that it was for the court, using equitable principles as set out in Code § 67-118, to settle the issues.

The court did not err in overruling the motion to discharge the rule.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*